(80 South. 792)

HOLLINGS v. BROWN et al.    (6 Div. 857.)

(Supreme Court of Alabama.    Jan. 16, 1919.)

1. INSURANCE �köp591½—INDEMNITY AGAINST PRINCIPAL—JUDGMENT FOR PERSON INJURED—ENFORCEMENT AGAINST COMPANY.

Under contract insuring against liability for injuries with stipulation that insurance company should not be liable except for liabilities actually discharged by payment of money, a person injured by assured and obtaining a judgment against him has no standing in equity as against insurer to compel it to pay judgment, even though insurance company assumed the conduct of defense to action against assured and even though assured is insolvent.

2. INSURANCE �köp591½—INDEMNITY AGAINST LIABILITY—JUDGMENT FOR PERSON INJURED—ENFORCEMENT AGAINST COMPANY.

Under contract insuring against liability for injuries with stipulation that insurance company should not be liable except for liabilities actually discharged by payment of money, a person injured by assured and obtaining a judgment against him has no standing in equity against insurance company by reason of fact that insurance company settled its liability with the assured rather than by payment of judgment; assurer not having been made a party to suit except that it assumed the conduct of defense.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

�köp For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit in equity by **J. J.** Hollings against Bradley G. Brown and others. From a decree for defendants, plaintiff appeals. Affirmed.

Erle Pettus, of Birmingham, for appellant.

Percy, Benners & Burr, of Birmingham, for appellees.

THOMAS, J. The suit, by J. J. Hollings, is based on the conditions of an indemnity insurance contract issued by the Georgia Casualty Company to B. G. Brown, of the respondents.

A material condition of this contract was as follows:

"No action shall be brought against the company under or by reason of this policy unless it shall be brought by and in the name of the assured for a loss, defined hereunder, after final judgment has been rendered in a suit, described hereunder, and within ninety days from the date of such judgment, to wit, for loss that the assured has actually sustained by the assured's payment in money, (a) of a final judgment rendered after a trial in a suit against the assured for damages; (b) of the expenses (excluding any payment in settlement of a suit or judgment), incurred by the assured in the defense of a suit against the assured for damages. The company does not prejudice by this condition any defense against such action that it may be entitled to make under this policy."

[1] The effect of such provision was before this court in Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 South. 649, where the holding was that a policy of insurance undertaking to indemnify an automobile company for loss occasioned by injury to third persons and providing that no action shall be brought or shall lie against the assurer on such policy, unless it shall be brought by the assured for loss or expense, actually sustained under circumstances contained in the foregoing contract provision; that is, that no recovery can be had in equity against the assurer by one who has recovered a judgment against the assured for injury resulting from the operation of one of its automobiles, although the assured is in the hands of a receiver, and that such contract cannot be treated as made for the benefit of any person injured by assured's automobile without regard to the terms of the contract. Most v. Mass. Bond & Ins. Co. (Mo. App.) 196 S. W. 1064, and authorities collected.

The fact that the assurer under the provisions of the indemnity policy assumed the conduct of the defense to the action by Hollings against Brown does not impose on it another or different liability than that stipulated and provided for in the policy. The contract provision as to making defense for assured is:

"If suit is brought against the assured to enforce a claim for damages covered by this policy, he shall immediately forward to the company every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured."

Of such provision for defense, the Indiana Court of Appeals has this to say:

"The phrase 'at its own cost,' and equivalent expressions found in indemnity insurance policies in like connections as here, are with a harmony approximating uniformity held to include only such costs as counsel and witness fees, court costs, and the like. We have found no decision holding that such expressions include the amount of the judgment proper recovered in excess of the primary indemnity specified by the policy, or that the insurer by electing to defend thereby guarantees that the judgment ultimately recovered will not exceed the primary indemnity specified. We are therefore required to hold against appellant on its first proposition. See the following: Rumford, etc., Co. v. Fidelity, etc., Co., supra [92 Me. 575, 43 Atl. 503; Coast Lumber Co. v. Ætna, etc., Co., 22 Idaho, 264, 125 Pac. 185; Maryland, etc., Co. v. Omaha Co., 157 Fed. 514, 85 C. C. A. 106; Schmidt, etc., Co. v. Travelers', etc., Co., supra [244 Pa. 286, 90 Atl. 653, 52 L. R. A. (N. S.) 126]; Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; New Orleans, etc., Co. v. Maryland, etc., Co., supra [114 La. 153, 38 South. 89, 6 L. R. A. (N. S.) 562]; note to New Amsterdam, etc., Co. v. Cumberland, etc., Co., 12 L. R. A. (N. S.) 478; note to Ætna, etc., Co. v. Bowling Green, etc., Co., 43 L. R. A. (N. S.) 1128." Kingan & Co. v. Maryland Casualty Co., 115 N. E. 348, 352; Most v. Mass. Bond. & Ins. Co., supra.

[2] There was no garnishment of the respondent Georgia Casualty Company, in aid of the pending suit by Hollings against Brown, or for the collection of the judgment. That the insurance company settled its liability with Brown, rather than by payment of the judgment against him, gave complainant no cause to complain. Some of the authorities relied on by appellant are not analogous. In Anoka Lumber Co. v. Fidelity & Casualty Co., 63 Minn. 286, 65 N. W. 353, 30 L. R. A. 689, the policy was to the lumber company insuring against liability for damages for injuries suffered by its employés, and the injured employé was a party to the suit by intervention. In Hoven v. West Superior Iron & Steel Co., 93 Wis. 201, 67 N. W. 46, 32 L. R. A. 388, the Employers' Liability Assurance Corporation was brought in by garnishment; so of Patterson v. Adan (Philadelphia Casualty Co., Garnishee) 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184. In the case of Lombard v. Maguire-Penniman Co., 78 N. H. 110, 97 Atl. 892, the right of the assurer to be relieved from further liability under the contract of indemnity insurance is recognized; and, failing to pay the assured, it was held that he could recover the indemnity in assumpsit without first paying the claim of the party injured.

The case of Beacon Lamp Co. v. Travelers' Ins. Co., 61 N. J. Eq. (16 Dickinson) 59, 47

Atl. 579, is contrary to the decision in Goodman v. Georgia Life Ins. Co., supra, and we have no desire to depart from the views there expressed by this court.

Sustaining respondents' demurrer to the amended bill is in consonance with the view we here express. The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.