L. B. SULLIVAN, as Director, Department of Public Safety,

v.

Frank CHEATHAM.

8 Div. 791.

Supreme Court of Alabama.

Nov. 28, 1955.

Rehearing Denied Jan. 12, 1956

72

Britnell & McEntire, Decatur, for appellee.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for appellant.

MAYFIELD, Justice.

This is an appeal from the Circuit Court of Morgan County, brought under the provisions of the Motor Vehicle Safety-Responsibility Act, Act No. 704, appvd. Sept. 5, 1951, Gen. Acts of Alabama 1951, pp. 1224–1244, Code 1940, Tit. 36, § 74(42) et seq.

The threshold question for our consideration is whether or not the controversy between these parties, which resulted in this appeal, is now moot. Without specifically so deciding, it would appear from the whole record in this cause, that it is now beyond the power of the Director of Public Safety to take further action against the appellee, Frank Cheatham, under the provisions of Act No. 704, supra.

While there is doubt that there remains a justiciable controversy between the parties; the question presented is one of broad public interest, and one which deserves a decision by this Court. We are cited to no case, nor does our research reveal the existence of a case, construing the particular section of the Act in question. In the cases of Willis v. Buchman, 240 Ala. 386, 199 So. 892, 132 A.L.R. 1179, and Jones v. Crawford, 258 Ala. 278, 62 So.2d 221, we find authority for the proposition that where a broad public interest is involved it is within the power of this Court to write to the issue even though such decision may not be determinative of any existing rights between the appealing parties.

In the case at bar, the appellee was the driver-owner of an automobile involved in a collision with one Stinson on 2 January 1954. Both parties filed accident reports with the appellant Director of Public Safety, within ten days after the accident. Stinson filed an affidavit claiming damage to his automobile in the amount of $568.50. On 11 February 1954, the Director of Public Safety commanded the appellee Cheatham to post with his Department the prescribed form showing that he had the requisite liability insurance policy, or in the alternative to post bond in the amount of $568.-50. The appellee was advised that unless he complied with this directive he was to turn over to the Department his driver's license, his registration certificates and license plates on or before 7 March 1954; such plates and licenses were subject to suspension under the terms of the Alabama Motor Vehicle Safety-Responsibility Act.

The appellee failed to post bond or give evidence of liability insurance and challenged the order of suspension. On 11 February 1954, the appellee took an appeal from the Director's order to the Circuit Court of Morgan County. The Circuit Court, without a jury, set aside the order of the Director. Appellant's motion for a new trial was overruled and the instant appeal was perfected.

The position of the appellee, both in the Court below and here, is that he was guilty of no fault or negligence in connection with the accident and, therefore, did not have to comply with the terms of the Act requiring the posting of security. The evidence of the appellee in the Trial Court tended to support his freedom from culpability in connection with the accident. The Trial Court ruled in favor of the appellee's contention. The most pertinent portion of such ruling is as follows:

"* * * The Court is of the opinion that by the action of the Director he affirms the liability of the appellant for damages resulting from the accident under consideration, and the appellant [appellee here] denies this liability. This is the issue. If the Court determines that there is no liability on the part of the appellant in such cases there is no necessity for the security required by the statute. The State contends that the question of liability, or non-liability of the appellant is not an issue in such cases; that all persons involved in an accident in which another person is injured or damaged must place the security as required by the statute, notwithstand-

ing the fact that the person may be innocent and blameless with reference to the accident. The Court is of the opinion that this was not the intention of the legislature in the enactment of the statute under consideration. * *."

The Court further held that it was its opinion from the evidence that the appellee was not liable to anyone for damages from this accident, and that accordingly the order of the Director should be set aside.

The question for our decision is whether or not the possible or probable existence of civil liability for an automobile accident, is a consideration in determining whether or not a particular owner or driver of an automobile is required to comply with the applicable provisions of the Motor Vehicle Safety-Responsibility Act. •The language of the Act is as follows:

"Section 4—(Report Required Following Accident) The operator of every motor vehicle which is in any manner involved in an accident within this State, in which any person is killed or injured or in which damage to the property of any one person, including himself, in excess of $50.00 is sustained, shall within 10 days after such accident report the matter in writing·to the Director. Such report, the form of which shall be prescribed by the Director, shall contain only such information as may be necessary to enable the Director to determine whether the requirements for the deposit of security under Section 5 are inapplicable by reason of the existence of insurance or other exceptions specified in this Act. The Director may rely upon the accuracy of the information unless and until he has reason to believe that the information is erroneous. If such operator be physically incapable of making such report, the owner of the motor vehicle involved in such accident shall, within 10 days after learning of the accident, make such report. The operator or the owner shall furnish such additional relevant information as the Director shall require.

"Section 5—(a) Security Required Unless Evidence of Insurance—When Security Determined—If 20 days after the receipt of a report of a motor vehicle accident within this State which has resulted in bodily injury or death, or damage to the property of any one person in excess of $50, the Director does not have on file evidence satisfactory to him that the person who would otherwise be required to file security under Subsection (b) of this Section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, the Director shall determine the amount of security which shall be sufficient in his judgment to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner.

"(b) Suspension—The Director shall, within 60 days after the receipt of such report of a motor vehicle accident, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident, and if such operator is a non-resident the privilege of operating a motor vehicle within this State, and if such owner is a non-resident the privilege of the use within this State of any motor vehicle owned by him, unless such operator or owner or both shall deposit security in the sum so determined by the Director; provided, notice of such suspension shall be sent by the Director to such operator and owner not less than 10 days prior to the effective date of such suspension and shall state the amount required as security. * *"

Section 2(b) of the Act provides that an appeal to the circuit court from any order

or decision of the Director may be taken. This subsection further provides:

"* * * The trial upon appeal to said Circuit Court shall be de novo and said court shall render judgment confirming, modifying or setting aside the order or decision of the Director or in its discretion may remand the case to the Director for proceedings in conformity with the direction of the Court. From the judgment of the Circuit Court either party may appeal to the Supreme Court of Alabama, as in civil cases."

While this Court has not previously construed these sections, similar acts in other jurisdictions have been considered by appellate courts of some of our sister states.

Sections 2, 4, and 5 of the Texas Motor Vehicle Safety-Responsibility Act, Vernon's Ann.Civ.St. art. 6701h, are substantially identical to those same numbered sections of the Alabama Act. In Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177, 181, the Supreme Court of Texas held:

"We agree with the Court of Civil Appeals in its decision that the Act does not authorize the Department to determine questions of liability or fault on the part of the persons involved in an accident before fixing the amount of security required and suspending the license of operators and the registration of owners. According to the terms of section 5, subdivisions (a) and (b), it is the duty of the Department to determine the amount of security and to suspend the licenses and registrations of operators and owners involved in the accident without undertaking to ascertain who was at fault or who may be liable for damages. Questions of liability or fault are for the courts to determine in suits brought for that purpose. As said by the Court of Civil Appeals, the Act 'undertakes to require security so that in the event fault is later established in a suit instituted for that purpose, the wronged party will not have an empty judgment.' 254 S.W.2d 180, 181. It follows that the trial court was in error in setting aside the order suspending D. C. Gillaspie's registration on the ground that the evidence showed he was not liable for the damages caused by his minor son."

In construing a section of the Kentucky Motor Vehicle Financial Responsibility Law, KRS 187.330, which is markedly similar to section 5 of the Alabama Act, the Court of Appeals of that state succinctly stated:

"The question of negligence has nothing to do with the matter. The requirement of financial responsibility does not in any sense pre-determine the question of liability, which could only be decided in a judicial proceeding. It simply furnishes an added protection to the public and better assures the safety of our highways, and is not dependent upon the operator's skill or lack of it. * * *" Ballow v. Reeves, Ky., 238 S.W.2d 141, 142.

In the leading case of Rosenblum v. Griffin, 89 N.H. 314, 197 A. 701, 703, 115 A.L.R. 1367, it was stated by the New Hampshire Supreme Court:

"The attacked act, Laws 1937, c. 161, is designed to induce operators of motor vehicles to establish financial responsibility to meet their possible liability for damages arising from accidents met with by their vehicles while being operated. * * *

* * * * * *

"From a practical standpoint, if there is fault for an accident, it is reasonable that suspension should follow, and immediately. But provisional finding of fault is indecisive and much less is a charge or claim of fault. Unless in a case where the doctrine of res ipsa loquitur might be invoked, an accident of itself is no evidence of liability for it, and a charge of liability has no tendency to prove it. The determination of a contested claim of fault is usually after a substantial length of time subsequent to the acci-

dent. The development of the legislation in meeting the problem of prospective liability, either probable or possible, for an accident, has led to the final policy of ignoring it as a test of suspension.

"It may with reason be though unjust that unless an operator is actually at fault for an accident, either he or the owner, if not the operator, should lose his license. However, there is equality between them and all others meeting with accident for which they are not liable. The inequality is with those fortunate to escape accident. But though the act thus produces hardship, it establishes conditions which are definite and conclusive in meeting the need of prompt action. * * *"

See, also, Doyle v. Kahl, 242 Iowa 153, 46 N.W.2d 52; State v. Stehlek, 262 Wis. 642, 56 N.W.2d 514; Hadden v. Aitken, 156 Neb. 215, 55 N.W.2d 620, 35 A.L.R.2d 1003.

 As we view it, the Act does not invest the Director with a discretion to determine who shall be required to post security for a given accident. The purpose of the Act is clearly to require and establish financial responsibility for *every* owner or operator of a motor vehicle "in any manner involved in an accident." To allow the Director, through his officers and agents, to decide the civil responsibility for accidents occurring on the highways would be a usurpation of the judicial function. The Act is designed to protect all persons having claims arising out of highway accidents.

While learned counsel argues with much force that it would be harsh to require an innocent accident victim to comply with the requirements of the Act, nevertheless it is clear that the Act was designed for the benefit of the public generally, and such public benefit would be seriously compromised if compliance was made dependant on a preliminary non-judicial determination of the existence of liability.

Some jurisdictions have, within their police power, required the operators of motor vehicles to furnish evidence of financial responsibility before the issuance of a driver's license or certificate of registration. Our statute has oft been criticized as "allowing one free accident". Needless to say, the terms and application of the Act were a matter for the legislature; so long as they violate no constitutional guarantees.

Accordingly, we conclude that the Circuit Court was in error in setting aside the Director's order on the grounds that the appellee was free from fault in the particular accident. The judgment is due to be reversed and the cause remanded with instructions to dispose of any justiciable controversy that may still exist between the parties.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.