130 So.2d 915

Leo MOORADIAN et al.

v.

CANAL INSURANCE COMPANY.

4 Div. 24.

Supreme Court of Alabama.

March 23, 1961.

Rehearing Denied June 22, 1961.

Edw. F. Reid, Andalusia, for appellant Mooradian.

Tipler & Fuller, Andalusia, for appellant Ellison.

Robt. B. Albritton, Albrittons & Rankin, Andalusia, for appellee.

SIMPSON, Justice.

This is an appeal by Bena K. Ellison, as administratrix of the estate of Leroy Kilpatrick, deceased, and Leo Mooradian, the respondents below, from a decree of the Circuit Court of Covington County, in Equity, wherein complainant (appellee) sought a declaration, pursuant to Declaratory Judgments Act, Title 7, § 156 et seq., as to complainant's liability under an automobile liability policy issued to Leo Mooradian, affording liability insurance coverage on a truck which was involved in an accident in Covington County, resulting in the death of Leroy Kilpatrick, deceased, who was a passenger therein.

Provisions, as pertinent, of the final decree entered on the 20th of March, 1959 are set out as follows:

"And it further appearing to the Court that the endorsement added to the policy of insurance issued by the complainant to the respondent, Leo Mooradian, and entitled 'passenger Hazard excluded', must be given its full legal effect by this court, and it is therefore, unnecessary to rule on any other issue in this case.

"The Court finds, that the endorsement titled 'passenger Hazard excluded' was a part of the policy of insurance issued by the complainant to the respondent Leo Mooradian on the 31st day of July, 1952, and that said policy of insurance was a valid and subsisting contract of insurance between the complainant and the respondent Leo Mooradian on the 15th day of November, 1952. And the Court further finds that no * * * statute of the State of Alabama extends coverage under this policy of insurance to apply to bodily injury, including death, at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile. The Court further finds that the law suit in the Circuit Court of Covington County, Alabama, styled Bena K. Ellison, as administratrix of the Estate of Leroy Kilpatrick, deceased, Plaintiff, vs. Leo Mooradina [sic] and Hilton Chavers, defendants, seeks to recover damages for the death of one Leroy Kilpatrick, who was alleged to have been a passenger on one of the vehicles purported to be insured by the above named policy of insurance.

"It Is Therefore, Ordered, Adjudged, And Decreed by the Court that the Complainant, Canal Insurance Company, is under no obligation to assist in the defense of any litigation arising from the accident described in the bill of complaint heretofore filed in this cause; or arising from the operation of the vehicle described in said bill of complaint, and that complainant is not required to make any settlements because of the aforesaid accident, injury and death, or to pay any judgments which may be recovered as a result thereof against Leo Mooradian and Hilton R. Chavers, or either of them."

■ Appellant, Bena K. Ellison, as administratrix of the estate of Leroy Kilpatrick, deceased, urges that the Alabama Motor Vehicle Safety-Responsibility Act, 1951, p. 1224, effective January 1, 1952 is expressly incorporated into the policy in issue, takes precedence over the "passenger hazard excluded" clause, and affords to appellant the minimum limits of liability insurance as provided within the Act.

The appellant grounds the argument upon the import of paragraph four under the heading, "Conditions" within the liability insurance policy of insured Leo Mooradian, which is:

"Such insurance as afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy."

Our financial responsibility act does not require operators of motor vehicles to furnish evidence of financial responsibility before issuance of a driver's license or certificate of registration is issued. The purpose of the Act is clearly to require and establish financial responsibility for every owner or operator of a motor vehicle involved in an accident in this state.

In State Farm Mutual Auto. Ins. Co. v. Sharpton, 259 Ala. 384, 66 So.2d 915,

the appellee contended that liability on a policy was controlled by the Motor Vehicle Safety-Responsibility Act, and that section 21(f) (1) virtually eliminated the cooperation clause of the policy insisted on by the appellant. This court in denying appellee's contention was of the opinion that the terms required by the Act apply only to those policies required to be certified as proof of financial responsibility to permit the vehicle to continue to be registered. There was no showing made in that case or in the instant one that the policy involved was issued in response to the requirements of the Act.

Proof of financial responsibility as defined in § 1(j) of the Act is "proof of ability to respond in damages for liability, on account of accident occurring subsequent to the effective date of said proof". Accordingly proof of financial responsibility is not required until a motor vehicle is involved in an accident. Quoting from Sullivan v. Cheatham, 264 Ala. 71, 84 So.2d 374, 379: "Our statute has oft been criticized as 'allowing one free accident' ". The terms of the Motor Vehicle Safety-Responsibility Act, supra, then are not effective or do not apply to automobile liability insurance policies until proof of financial responsibility to respond in damages as a result of an accident is required by the director of public safety of the State of Alabama to be filed in his office so that the operator of the motor vehicle will not have his driver's license and certificate of registration suspended.

The policy here involved was not issued to the insured in compliance with the Act as proof of financial responsibility and therefore, the Act is without influence.

■■ Appellant Mooradian was issued the policy of liability insurance by appellee on July 31, 1952, and a passenger hazard excluded endorsement was issued, signed, and expressly incorporated into the policy on July 31, 1952 at Greenville, South Carolina. This endorsement stated: "It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile". Appellant Mooradian urges that this agreement is not binding for there was no consideration and this latter provision of exclusion, being in conflict with prior provisions of coverage in his policy should not be given effect. It is true that an alteration of the contract by subsequent agreement must be based on a new consideration. Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658. But such is not the status of the instant policy. The endorsement of exclusion incorporated in the policy constituted the entire contract of insurance issued by Canal Insurance Company to Mooradian for which there was consideration given. "It seems to be well settled that exceptions, 'explicit in terms and plain of meaning,' withdrawing a claim from the general stipulations of the policy, will be given effect." Loveman, Joseph & Loeb v. New Amsterdam Casualty Co., 233 Ala. 518, 173 So. 7, 8.

■ Insurance companies have a right, in absence of statutory provisions to the contrary, to write their contracts with narrow coverage. There is no compulsion on either the insured or insurer, and the insured may or may not in his own discretion take the policy. Loveman, Joseph & Loeb, supra. There was no ambiguity in the terms of the "exclusion clause", there was no need of construction, and it was the duty of the court to enforce it as written. The court rightly held that there was no coverage or liability under the policy for the deceased, Kilpatrick, he being a passenger in the insured vehicle.

■ Appellants contend that appellee is estopped from denying coverage or from withdrawing from the defense of the insured by once having assumed control of the defense of the action filed against him. The contention is without merit.

As stated in Belt Auto Indemnity Ass'n v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787, 790, the elements of an estoppel are: "(1) A position of authority assumed by defendant [insurer] under the color of right; (2) submission to and reliance upon that assumption, by plaintiff [insured]; and (3) injury suffered by plaintiff as a proximate consequence of such submission and reliance."

Also, in our recent case of Ellison v. Butler, 271 Ala. 399, 124 So.2d 88, 90, we had this to say with respect to the asserted doctrine:

"Several elements must be present before the courts will invoke an equitable estoppel. In 19 Am.Jur., Estoppel, § 34 equitable estoppel or estoppel in pais is defined as the principle of law 'by which a party who knows or should know the truth is absolutely precluded, both in law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a way that he would suffer injury if such denial or contrary assertion were allowed.' See also Cosby v. Moore, 259 Ala. 41, 65 So.2d 178; Jacksonville Public Service Corp. v. Calhoun Water Co., 219 Ala. 616, 123 So. 79, 64 A.L.R. 1550."

We held that the facts there considered did not show an estoppel.

What are the events which are claimed to have worked an estoppel? Suit was filed by appellant, Bena K. Ellison, administratrix, claiming damages for the death of deceased, Leroy Kilpatrick, as a result of riding in the vehicle insured by appellant Leo Mooradian, a nonresident of Alabama, and claiming that one Chavers was Mooradian's agent. Service of process was had on the Secretary of State in accordance with Title 7, § 199, Code of 1940 because of the allegation of agency in the complaint. Mooradian called on appellee to defend said action in his behalf under the terms of the policy, but refused to defend the action himself. The appellee tendered a non-waiver agreement whereby appellee agreed to defend said action if Mooradian would recognize that in doing so, appellee did not waive its rights to deny liability under said policy. But Mooradian refused to recognize appellee's right to deny liability under said policy and would not sign the non-waiver on the advice of his own private counsel of Atlanta, Georgia. Mooradian did not appear or take any steps in his own behalf for the protection of his interests and on the last day within which responsive pleadings could be filed, the appellee, for protection of its interests, appeared in said suit by filing a demurrer addressed to the complaint filed against Mooradian. Simultaneously with filing of such demurrer by appellee, it notified Mooradian by registered mail duly addressed and posted to him at Hapeville, Georgia, that it was filing demurrer in his behalf and was doing so without prejudice to any of its rights and without waiving any of its rights, if in fact it had such rights, to deny liability under the policy and withdraw from the defense of the case. Canal urged him to obtain private counsel to represent his personal interests in the suit, but he did not do so. Said filing of the demurrer with reservation of rights to deny liability and withdraw from the case was subsequent to the refusal of Mooradian to defend in his own behalf and subsequent to his refusal to execute a non-waiver agreement. Under the terms of the insurance policy, execution by insured with insurer of a non-waiver agreement was not considered to be a condition or stipulation of the insurer's obligation to assume the defense of the insured when sued. Mooradian by his counsel responded to the filing of the demurrer

in his behalf by a letter to appellee insurance company which in substance invited appellee's attention to their obligation to provide Mooradian with a defense, both by virtue of the terms of the insurance policy and independently thereof by reason of the acts and omissions of persons acting for it.

It is manifest that appellee was making every effort for Mooradian to execute a non-waiver agreement, even though it was not a condition provided in the insurance contract, in order that it might adequately defend the suit without prejudicing its rights. There were no misleading representations on the part of appellee as it simply asked Mooradian to sign a non-waiver agreement prior to appellee undertaking the defense of the suit. "An estoppel cannot exist where the knowledge of both parties is equal, and nothing is done by the one to mislead the other." Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289, 297, 21 L.R.A. 62. Appellee did not by his conduct or acts induce appellant not to undertake his own defense, nor was appellant ignorant of the true facts that there had been a denial of liability and a reservation by Canal of the right to withdraw from the defense of the suit. As a consequence he did not change his position so as to prevent injury if such assertion by appellee were allowed. Mooradian through his counsel of Atlanta, Georgia did not file a special appearance to dispute the jurisdiction over his person or any other special plea but continued to insist that appellee should provide his defense to the suit. The contention of estoppel advanced by appellant does not conform to the rule of estoppel announced by the cases. Mooradian did not act or change his position by the conduct of appellee. The appellant was not injured or prejudiced by the filing of the general appearance by appellee since if no appearance had been filed for him, a judgment by default against him would have been in order. Under these circumstances Mooradian would not have been able to contest the issue of his lia-

bility. Therefore, whatever injury or prejudice was suffered by Mooradian, was not the proximate consequence of any submission or reliance on appellee's action taken in the suit. No estoppel therefore can be validly asserted.

We advert to the following as additional authorities: In Belt Auto Indemnity Ass'n v. Ensley Transfer & Supply Co., supra, the decisive question presented by the appeal was the validity of the estoppel set up by the plaintiff. This court was of the opinion, and clearly correct, that a liability not covered by an indemnity insurance policy will not be engrafted on the policy by the mere act of the insurer in assuming control of the litigation and conducting the defense when the beneficiary is sued upon such liability. See Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649; Hollings v. Brown, 202 Ala. 504, 80 So. 792.

The unvarying rule is that coverage under an insurance policy cannot be enlarged by waiver or estoppel, since such doctrine can only have a field of operation when the subject matter is within the terms of the contract. Fidelity Phenix Fire Ins. Co. of New York v. Raper, 242 Ala. 440(6), 6 So.2d 513.

In Home Ins. Co. of New York v. Campbell Motor Co., 227 Ala. 499, 150 So. 486, 489, this court observed:

"Waiver or estoppel can only have a field of operation when the subject-matter is within the terms of the contract. No one, we assume, would argue that a policy of insurance, which protected one against loss by fire, could be extended or broadened, by the application of the principle of waiver or estoppel, to cover the loss by cyclone. The effect, in such a case, would be to create a new contract, without a new consideration."

What appellant seems to seek here is to make a new contract so as to cover bodily injury or death resulting to a

passenger in the insured vehicle, when by its terms, it is expressly excluded from the contract. The doctrine of estoppel does not operate to that effect. After a loss accrues, an insurance company may, by its conduct, waive a forfeiture; or by some act before such loss may induce the insured to do or not to do some act which is contrary to the stipulations of the policy, and thereby be estopped from setting up such violation as a forfeiture; but such conduct, though in conflict with the terms of the contract of insurance and with the knowledge of the insured, and relied upon by him, will not have the effect to broaden such contract so as to cover additional objects of insurance or causes of loss. The passenger hazard exclusion endorsement which was a part of the insurance contract instantly considered relieved the appellee from liability and assuming control of the defense of the insured could not by estoppel enlarge the coverage or obligate the appellee to continue representation in the suit.

Appellant, Leo Mooradian, assigns as error the striking of his amended answer on motion of appellee which was filed after the cause was submitted for final decree. Equity Rule 28(d), Title 7, Appendix, Code 1940, permits amendments to an answer as a matter of right at any time before final decree. The appellant filed on March 6, 1959 an amended answer. On March 16, 1959 another amended answer along with attached exhibits was filed by appellant. The motion to strike the amended answer was directed to the answer filed on the 16th day of March, 1959. The cause was submitted for final decree on the 6th day of March, 1959. Striking the amendment with exhibits after the case was submitted for final decree was within the court's discretion. The proper procedure was to have the submission set aside before the amendment could be allowed. Ex parte State ex rel. Brittain et al., 237 Ala. 164, 186 So. 148.

No error in the rulings below is made to appear.

Affirmed.

LIVINGSTON, C. J., and STAKELY, GOODWYN and MERRILL, JJ., concur.

COLEMAN, Justice (dissenting).

Being of opinion that the insurer, by filing the demurrer estopped itself from denying liability under the passenger hazard exclusion, I respectfully dissent. Belt Automobile Indemnity Ass'n v. Ensley Transfer &· Supply Co., 211 Ala. 84, 99 So. 787.