No. 45,634

Boyd B. Avery, Leonard K. Clevenger, Gerald E. Wells and Larry Edward Hudson, a minor, by and through his guardian, Edward W. Hudson, *Appellants,* v. Gary D. Nelson, *Defendant,*

and

Farm Bureau Mutual Insurance Company, *Garnishee-Appellee.*

(469 P. 2d 349)

Opinion filed May 9, 1970.

*Emmet A. Blaes,* of Jochems, Sargent and Blaes, and *Cliff W. Ratner,* of Ratner, Mattox, Ratner, Ratner and Barnes, both of Wichita, argued the cause and were on the brief for the appellants.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers, Smith and Eberhardt, of Wichita, argued the cause and was on the brief for the garnishee-appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment in a garnishment proceeding wherein the appellants were seeking to recover from the appellee, The Farm Bureau Mutual Insurance Company, the amount of their judgments rendered against the defendant, Gary D. Nelson.

The trial court's ruling in the garnishment proceeding was favorable to appellee. It was held that a restrictive endorsement attached to the policy issued by the appellee was valid and enforceable, exonerated the appellee of any liability and precluded appellants' recovery.

The facts leading up to the present dispute will be briefly stated.

In 1964, Gary Nelson purchased a Ford automobile. Title to

the Ford was initially held jointly by Gary and his father, Norman Nelson. Gary owned a Pontiac automobile which he traded for the Ford automobile and the insurance policy on the Pontiac automobile was transferred to the Ford automobile. This policy was subsequently cancelled on June 11, 1964. There was no insurance on the Ford automobile between June 11, and September, 1964. Prior to the cancellation of the insurance policy on the Ford automobile, the appellee, insurer, informed Norman Nelson that it could not insure the automobile with Gary driving.

Title to the Ford automobile was changed to Norman Nelson as sole owner and he applied to appellee for insurance on the automobile on September 4, 1964.

The Farm Bureau Mutual Insurance Company's home office approved the issuance of a policy on the automobile subject to the restrictive endorsement mentioned in Norman Nelson's application and loss history statement. The home office received the application and loss history statement on September 14, 1964. On September 15, 1964, the company prepared the restrictive endorsement, countersigned it and returned it to Wichita for execution by Norman and Gary Nelson. Both Norman and Gary Nelson signed the endorsement.

The restrictive endorsement provided, in the pertinent part:

"In consideration of mutual promises made by and between the parties hereto, it is understood and agreed that the Company shall not be liable and no liability or obligation of any kind shall attach to the Company for losses or damage sustained by any person, firm or corporation whatsoever, while any automobile insured hereunder is in the custody of, is in the control of, or is driven or operated by *Gary Nelson.*

"It is further understood and agreed the provisions of this endorsement shall apply until rescinded by written notice signed by a duly authorized officer or representative of the Company."

The endorsement was explained to the Nelsons and both Norman and Gary Nelson understood from the time the application was made on September 4, 1964, that Gary was to be restricted from coverage when driving the car. On the evening before the accident here involved, Norman Nelson told Gary not to drive the car.

On April 27, 1965, at approximately 1:00 o'clock A. M., Gary drove the Ford automobile into a steel utility pole. His passengers, Larry Avery, Luanne Clevenger and Gretchen C. Wells, were killed, and Larry E. Hudson received permanent injuries. The parents of the young men and women recovered substantial judgments against

Gary Nelson and seek to satisfy their judgments in garnishment proceedings against Farm Bureau Mutual Insurance Company.

The judgment creditors of Gary Nelson have appealed from the judgment in favor of the garnishee.

Appellants first contend that the restricted endorsement violates the public policy as expressed in the motor vehicle safety responsibility act.

In the recent case of *Miller v. State Farm Mutual Automobile Ins. Co.*, 204 Kan. 694, 466 P. 2d 336, under somewhat similar facts, we held:

"A driver exclusion endorsement attached to a motor vehicle liability insurance policy, pursuant to a driver exclusion agreement entered into by insured and insurer, does not violate provisions of the Motor Vehicle Safety Responsibility Act when such policy has not been certified to the Motor Vehicle Department as proof of financial responsibility pursuant to provisions of the Act." (Syl. ¶ 7.)

Out of fairness to counsel for appellant, we should note that at the time the brief was filed the opinion in the Miller case had not been filed. Counsel now, with commendable frankness, concede that the case is controlling here. We, therefore, without further ado, incorporate hereby reference what was there said and make it a part of this opinion.

The appellants next contend that the restrictive endorsement heretofore set out is void because there was no consideration given for its issuance.

We cannot agree with this contention. The issuance of the policy to Norman Nelson was the consideration for the restrictive endorsement.

Farm Bureau Mutual Insurance Company would not have covered the Ford autbmble without the endorsement restricting Gary from the coverage. In addition, Norman Nelson, the named insured, agreed to the endorsement in order to obtain some insurance coverage on the automobile. The application of September 4, 1964, and the loss history statement obtained at the same time as the application and which was signed by Norman Nelson, mentioned the restrictive endorsement and stated that he was willing to have Gary restricted from any policy to be issued on the 1964 Ford automobile. At the time the application was taken, and prior thereto, Farm Bureau agents had explained to Norman Nelson that Gary would be restricted from the policy. The policy was issued with

the restrictive endorsement on it so the endorsement was effective the same day as the policy.

The testimony of Norman Nelson taken by deposition would appear to be decisive of this question. The testimony is summarized in the record as follows:

"I understood the 1964 Ford would not be covered by insurance if Gary were driving it. At the time I made application for the policy on the 1964 Ford (September 4, 1964) I knew that Gary was to be restricted off coverage for driving the car. And Gary knew this too. One of the reasons the title on the 1964 Ford was transferred to my name only was to get insurance. Gary also knew there would be no insurance coverage on the auto if he drove it.

"There is no doubt that Gary signed the restrictive endorsement and that I signed the restrictive endorsement and that the endorsement has been explained by Farm Bureau. On the evening before the accident here involved, I had told Gary not to drive the auto.

. . . . . . . . . . . . . .

"I agreed to sign the restrictive endorsement in order to have insurance coverage on the 1964 Ford."

The appellants rely heavily on *Wackerle v. Pacific Employers Insurance Company*, 219 F. 2d 1, 52 A. L. R. 2d 814, cert. den. 349 U. S. 955, 99 L. Ed. 1279, 75 S. Ct. 884, and the Missouri case which the federal court followed—*Rice v. Provident Life & Acc. Ins. Co.*, 231 Mo. App. 560, 102 S. W. 2d 147. The cases do not cover the factual situation which we have under consideration. In both cases the policies had been in existence for some time and the restrictive endorsements were made without any reduction in premium or other consideration. A brief quotation from the *Wackerle* case will demonstrate:

"Since the policy *as originally written* provided for coverage when the insured automobile was being driven by Donald Wymer [the insured's son], this valuable right could not be taken away from the insured by mutual consent alone unsupported by consideration. . . ." (Emphasis supplied. p. 5.)

In the case under consideration the restrictive endorsement and the insurance policy were part of the same transaction and the restriction was agreed to in order to induce the issuance of the policy. (See *Moordian v. Canal Insurance Company*, 272 Ala. 373, 130 So. 2d 915.)

We are forced to conclude that there was adequate consideration for the issuance and acceptance of the policy and the restrictive endorsement thereon.

The judgment is affirmed.

APPROVED BY THE COURT.