We set out only so much of the facts as are pertinent to the single dispositive issue — whether the execution of a contract between the parties, whose specifications are changed to conform to an injunction issued by the circuit court, renders moot the appeal challenging the circuit court's order granting the injunction?
The City of Birmingham, on February 12, 1976, issued an invitation for bids for the 1976 wrecker service contract. The contract specified that the bids would be open for a period of two weeks. On February 24, 1976, two days before the deadline expired, Charles Long and Wayne Nelson, d/b/a Birmingham Wrecker Service, sued for relief. Plaintiffs were granted a preliminary injunction and an oral hearing was set and held 30 days later. At the conclusion of the oral hearing, the trial Court issued its decree: (1) extending the time for placing bids until 12 o'clock noon May 17, 1976; and (2) exempting plaintiffs from the contract requirement of maintaining a storage lot within 2 1/2 miles of City Hall.
During the pendency of this appeal by the City of Birmingham and immediately prior to oral argument, the appellee, Birmingham Wrecker Service, filed a motion to dismiss the appeal on the ground of mootness. The motion alleges that the justiciable controversy between the parties which existed at the time of filing of notice of appeal has now been extinguished by the execution of a valid contract for wrecker service between the parties. The City concedes the factual premise on which the motion to dismiss is grounded, but counters with the contention that the issue presented on its merits is so affected with the public interest as to demand a decision.
It is a well-settled general rule that it is not the function of appellate courts to give opinions on moot questions or abstract propositions. Lewis v. Head, 238 Ala. 151, 189 So. 886
(1939). Likewise, Alabama recognized the "public interest" exception to the general rule. Sullivan, as Director of PublicSafety v. Cheatham, 264 Ala. 71, 84 So.2d 374 (1956); Bradfordv. State, 226 Ala. 342, 147 So. 182 (1933). In Willis v.Buchman, 240 Ala. 386, 199 So. 892 (1941), it was said: *Page 1023 
 "On the subject of a public interest, it is conceded that every person belonging to the public is interested in having decided every question of law which governs individual conduct or interprets contracts such as any of them may enter into.
 ". . . But that is not the sort of public interest which will be taken care of so as to prevent the dismissal of an appeal when there ceases to be a personal interest of the parties in its decision. As pointed out in some of the cases, it must affect the interest of the body politic as, for example, its revenue laws, or some situation `affected with a public interest' as public utility rates, where the state or government is said to be `as a substantial trustee for the public.'"
Here, the City could have kept this appeal viable for decision by the following alternative methods: (1) By continuing the wrecker service provided by the appellee without executing a new contract; or (2) by obtaining a stay of the mandatory provisions of the injunction pending appeal under Rule 62, ARCP. Instead, the City elected to let bids for a new contract in compliance with the directives of the trial Court's injunction. Birmingham Wrecker Service was the successful bidder and the contract was executed between the parties in accordance with the specifications in the contract and the bid thereon.
We think it necessarily follows that this elective course of action taken by the City to reopen the contract for bids, accept the low bidder, and execute the contract constitutes an effective abandonment of this appeal; and this for the reason that there no longer exists between these parties, who are each voluntary parties to a newly executed contract for wrecker service, a justiciable controversy. This rule of mootness is applicable to the dismissal of this appeal in like manner as if a third party — other than Birmingham Wrecker Service — had been the successful low bidder on the contract.
Unquestionably, a competitive bidder (in this case Kemp's Garage), whose place of business is within the 2 1/2-mile requirement specified by the initial contract requirements, maintains an interest in having this Court decide the City's challenge of the trial Court's elimination of this specification. But the private interest of a competitive bidder does not meet the "affected with the public interest" requirement so as to demand a decision on the merits.
Applying the established mootness criteria of our decisional law to the facts of the instant case, we hold that the motion to dismiss is well taken and is hereby granted. Moreover, the City suggests this mootness potential in its reply brief as follows:
 "The City's only alternative . . . would have been to have let the existing wrecker contracts lapse and leave the City without any wrecker service, or, after invitations to bid were promulgated, let a new contract which could render the instant appeal moot."
The latter alternative contingency has now become a reality. Therefore, this appeal is dismissed as moot.
APPEAL DISMISSED.
BLOODWORTH, ALMON and EMBRY, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.