435 So.2d 734 (1983)
E. Nelson HUTCHESON, etc.
v.
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, et al.
82-61.
Supreme Court of Alabama.
July 15, 1983.
*735 Robert B. Roden, Birmingham, for appellant.
J. Bentley Owens III of McMillan & Spratling, Birmingham, for appellees.
BEATTY, Justice.
Appeal by plaintiff from a judgment for the defendant in a case testing the validity of the "household exclusion" in an automobile liability policy of insurance in conjunction with the provisions of Code of 1975, § 32-7-22 of the Motor Vehicle Safety Responsibility Act.
Following a hearing, the trial judge, the Honorable N. Daniel Rogers, Jr., issued, under Rule 54(b), an order holding that the provisions of that Act did not invalidate the "household exclusion" of the policy under the facts of the case. Because we consider the extensive order of that court to correctly express the applicable principles of law and how to apply them accurately, this Court adapts that order as its opinion:

"I.

"STATEMENT OF THE CASE
"On September 6, 1981, the plaintiff [sic], Enid Hutcheson, was killed while riding as a passenger in an automobile owned by her and driven with permission by the defendant [sic], Charles Ellis Higgins (who was also killed in the same accident). At the time of the accident, Ms. Hutcheson was insured under an automobile policy issued in her name by the defendant, Alabama Farm Bureau Insurance Company, Inc., a corporation (Farm Bureau). The policy contained provisions which, inter alia, excluded the named insured from coverage for injuries received while riding in her own car.
"Subsequent to the accident, the Estate of Ms. Hutcheson filed a complaint in Jefferson County Circuit Court [Case No. CV 81-5184] alleging that at the time of the accident, the Defendant Higgins was an uninsured motorist and seeking damages against his estate for negligence and wantonness in the operation of her vehicle. The Plaintiff's complaint also seeks a judgment against Farm Bureau under the uninsured motorist provision of her policy with the insurer.
"After both Defendants answered the complaint, the Plaintiff filed a MOTION FOR DECLARATORY JUDGMENT seeking a declaration from this court that the Plaintiff's policy of insurance with the Defendant bearing Policy Number A 875543 and having a policy period of May 27, 1981, to November 27, 1981, places a duty on Farm Bureau to defend, indemnify, and pay any judgment rendered against the Defendant, Higgins. The amended complaint further alleges that, pursuant to § 32-7-22 of the CODE OF ALABAMA (1975), Farm Bureau must assume liability for the injuries received by the Plaintiff proximately caused by Higgins. The practical effect of the Plaintiff's pleading would require Farm Bureau, in its capacity as an insurer for a permissive user, to pay to the named insured any judgment recovered against Higgins. Farm Bureau denies that coverage exists thereunder and asserts instead, that *736 the exclusion contained in its policy and set forth in the Appendix (commonly called the household exclusion) prevents any recovery by the Plaintiff for her own injuries.
"In its present posture, the case is before the Court for a final decision based on a stipulation of the pleadings and the policy. The question of liability under the uninsured motorist provision of the CODE (§ 32-7-23) has not been tried and this ORDER in no way considers that question. By stipulation of the parties, the point of law considered and decided herein is whether the provisions of § 32-7-22 of the CODE OF ALABAMA (1975) nullify the aforementioned exclusion in the Plaintiff's policy of insurance, thus requiring Farm Bureau to defend, indemnify and pay any judgment which may be rendered against Higgins in Case No. CV-5184 in the Circuit Court of Jefferson County.

"II.

"CONCLUSIONS OF LAW
"This Court is being asked by the Plaintiff to determine the validity of the household exclusion in a policy of liability insurance in light of § 32-7-22 of the CODE OF ALABAMA (1975). In analyzing this issue, it is important to understand initially, the judicial policy of this State regarding the household exclusion and § 32-7-22 of the CODE OF ALABAMA (1975).
"While the Court has found no case which considered the issue raised by the Plaintiff, this Court finds very persuasive a string of cases decided by the Supreme Court which have consistently upheld the validity of household and similar exclusions contained in policies of liability insurance, so long as they do not conflict with statutory law or public policy. See e.g. Butler v. Michigan Mutual Ins. Co., 402 So.2d 949, 952 (Ala. 1981); Mathis v. Auto-Owners Ins. Co., 387 So.2d 166, 168 (Ala.1980); Lammers v. State Farm Mutual Auto. Ins. Co., 48 Ala. App. 36, 44, 261 So.2d 757, 765 (1972); Hogg v. State Farm Mut. Auto. Ins. Co., 276 Ala. 366, 368, 162 So.2d 462, 464 (1964); Mooradian v. Canal Ins. Co., 272 Ala. 373, 377, 130 So.2d 915, 919 (1961); State Farm Mutual Auto. Ins. Co. v. Hubbard, 272 Ala. 181, 187, 129 So.2d 669, 675 (1961). The Supreme Court of Alabama has consistently upheld the validity of the exclusion sub judice, confirming as judicial policy of the state that insurance companies may by appropriate exclusions and exclusionary definitions protect themselves through a valid contract. Mathis v. Auto-Owners Ins. Co., 378 [387] So.2d [166] @ 168. It is important to note that the cases cited above were decided after the enactment of the Alabama Motor Vehicle Safety Responsibility Act.
"Having determined that the subject exclusion has been consistently upheld by our Supreme Court, the pivotal question thus becomes whether the particular exclusion is repugnant to the Act or the public policy of this State. This Court is of the opinion that the exclusion is neither repugnant to the Act nor to the public policy of this State.
"From its enactment in 1951, the Act was designed to establish and require financial responsibility for every owner and operator of a motor vehicle involved in an accident in this State. Mooradian v. Canal Ins. Co., 272 Ala. [373] @ 376-7, 130 So.2d [915] @ 918-9. At the time of the Act's passage, the legislature of this State considered two alternatives. One alternative was compulsory liability insurance and the other was the Uniform Motor Vehicle Safety Responsibility Act. Alabama, along with 42 other states, rejected the scheme of compulsory liability insurance and instead, passed the Act which is still the law of this State. See State Farm Fire and Cas. Co. v. Lambert, 291 Ala. 645, 648-9, 285 So.2d 917, 920-1 (1973).
"Contrary to the Plaintiff's argument that all liability insurance policies must contain the provisions set out in § 32-7-22(b)(2) of the Act, neither the Act nor its judicially interpreted decisions demand or require that all liability policies issued in this State are subject to the Act. Sullivan v. Cheatham, 264 Ala. 71, 84 So.2d 374 (1956). Rather, the public policy of this State, as defined in a line of decisions, is that the `terms required by the Act apply *737 only to those insurance policies required to be certified as proof of financial responsibility by the Department of Public Safety to permit the vehicle to continue to be registered,' and avoid loss of license and registration. Mooradian v. Canal Ins. Co., 272 Ala. [373] @ 376-7, 130 So.2d [915] @ 918-19; State Farm Mutual Auto. Ins. Co. v. Sharpton, 259 Ala. 386, 389, 66 So.2d 915, 918 (1953). Thus, the Act applies only after the operator of a vehicle has been involved in one accident and only to accidents which occur after the effective date of the proof of financial responsibility. Sullivan v. Cheatham, 264 Ala. [71] @ 76, 84 So.2d [374] @ 379; State Farm Mutual Auto. Ins. Co. v. Hubbard, 272 Ala. [181] @ 187, 129 So.2d [669] @ 675.
"In view of the well settled judicial policy that the Act covers only those policies required to be certified as proof of financial responsibility by the Department of Public Safety, the Act is not intended to nor does it cover all liability policies issued by insurance companies in this State. The Court has received and the Plaintiff has offered no evidence that the policy was, in fact, issued to satisfy the provisions of the Act. Under these circumstances, the case is postured squarely within the framework of Mooradian, which the Court finds persuasive. Since the Plaintiff has made no showing that liability policy no. A-875543 was issued to show proof of financial responsibility, the Act does not control the circumstances presented herein and is, therefore, of no force and effect. Mooradian v. Canal Ins. Co., 272 Ala. [373] @ 377, 130 So.2d [915] @ 919.
"The Court also finds that the exclusion does not contravene or conflict with the public policy of this State. The provisions of the Act are designed to protect the general public, and in particular, innocent third party claimants injured by negligent drivers. American Southern Ins. Co. v. Dime Taxi Service, Inc., 275 Ala. 51, 56, 151 So.2d 783, 788 (1963). The Act is not designed to protect the named insured and, indeed, the policy under consideration categorically excludes the named insured from protection thereunder. Were the Court to nullify the exclusion in issue, liability policies would essentially be transformed into personal insurance policies of a limited type. Tenopir v. State Farm Mutual Co., 403 F.2d 533, 536 (9th Cir.1966 [1968]) (citing Hogg v. State Farm Mutual Auto. Ins. Co., 276 Ala. 366, 162 So.2d 462 (1974)). This interpretation is not mandated by the Act and is not essential to the accomplishment of any valid legislative purpose.
"This Court further finds that the purpose of the household exclusionto exempt from coverage those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injuryhas long been approved by the courts of this State. Thus, to accept the Plaintiff's contention would do violence to long established principles of law. Citing no reason sufficient to overcome this State's historical treatment of the Act in general, and of household exclusions in particular, this Court finds that the Plaintiff has not carried his burden of persuasion. This Court is convinced that the exclusion is validly drawn `in light of the clear purposes to be accomplished by the exclusionary clause in question....' Blow v. State Farm Mutual Auto. Ins. Co., 284 Ala. 687, 692, 228 So.2d 4, 9 (1969).
"In support of its position, the Plaintiff has cited three cases from foreign jurisdictions. State Farm Mutual Auto. Ins. Co. v. Sivey [404 Mich. 51] 272 N.W.2d 555 (1978); Bishop v. Allstate Ins. Co., 623 S.W.2d 867 [865] (Ky.1981); Ridgeway v. State Farm Mutual Auto. Ins. Co., 625 P.2d 482 [478] (Kan.1981). The Court believes in the well established principle long adhered to by our Supreme Court that it is our duty to draw upon this State's principles of law to provide a solution to the problem before going to the law of other states for guidance. Lammers v. State Farm Mutual Auto. Ins. Co., 48 Ala.App. [36] @ 40, 261 So.2d [757] @ 761. Applying this rationale, the court has considered and rejected those cases cited by the Plaintiff arising from other jurisdictions. While these cases lend credence to the arguments advanced by Plaintiff, the *738 respective motor vehicle acts interpreted therein vary significantly from the purposes to be accomplished by the Alabama Act. Accordingly, this Court finds those cases neither controlling nor persuasive to the issues in the case sub judice.
"In conclusion, this Court finds the exclusion considered herein to be a valid exercise of Farm Bureau's contractual rights, which is contrary to neither statutory law nor public policy. Therefore, the Plaintiff's request that the Defendant, Farm Bureau, be required to defend, indemnify or pay any judgment rendered against the Defendant, Higgins, is without merit. For the reasons stated therein, the relief sought by the Plaintiff in his amended complaint is due to be and the same hereby is denied." (Footnotes omitted.)
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES and ADAMS, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I concur. I write separately to re-emphasize that the trial court's order, which we adopt as the opinion of this Court, explicitly precludes consideration of the "uninsured motorist" issue. We are not to be understood as expressing any opinion on the question whether the "household exclusion," which we uphold as not being violative of § 32-7-22, triggers coverage under § 32-7-23, a question yet to be considered by the trial court.