This is an appeal from a judgment in favor of John W. Hartley, et al. The trial judge found that an implied easement existed for a sewer line and granted injunctive relief ordering appellants to remove an obstruction they had placed in the field lines of appellees' septic tank. We affirm.
This case involves a bitter family dispute. Appellant, Thomas Pinkston, deeded to his daughter and son-in-law, Phillippa and John Hartley, property on which there was situated a house. The field lines from the septic tank on the property deeded to the Hartleys ran onto the Pinkstons' property. Although there was no express easement for the lines, it is undisputed that the lines existed at the time the Hartleys moved onto their new property in the spring of 1983. The Hartleys continued to use the lines until December 1984, when John Hartley informed Thomas Pinkston that the *Page 169 
lines needed to be replaced. Pinkston gave his permission for them to be replaced, although he maintains that he told Hartley to put them exactly where the old lines were and not to "get into the cemetery." Hartley contends he was told to place the new lines in the proximity of the old lines and not to interfere with gravesites.
A few months after the new field lines were laid, a family dispute arose over a different matter and the Hartleys moved to another city. In August 1985, Pinkston notified the Hartleys that he was revoking his permission for their field lines to run onto his property. Soon thereafter, Pinkston cut and sealed the lines and the Hartleys filed a complaint asking for injunctive relief.
As Pinkston concedes, the first hurdle to overcome in this case is the ore tenus presumption. We have stated, "In a case tried ore tenus there is a presumption of correctness, and the court's findings will not be disturbed unless they are palpably wrong, without supporting evidence or manifestly unjust."Silverman v. Charmac, Inc., 414 So.2d 892, 894 (Ala. 1982). Pinkston contends that because the trial court made rulings on undisputed facts, the ore tenus rule is inapplicable and the Supreme Court sits in judgment on the evidence de novo. He also argues that the trial court was clearly in error in its application of the law to the facts.
We find that the material facts of the case were in dispute. Furthermore, there is no indication of either palpable error in the trial judge's findings of fact or misapplication of the law to the facts.
The questions of fact material to the issues are whether the field lines encroached upon the graves and whether the Hartleys sufficiently complied with requirements concerning the location of the lines. There can be no question that the facts surrounding the issues are in dispute. Pinkston claims that the lines disturbed unmarked graves outside an iron fence that encircled the cemetery. He further argues that the location of unmarked graves could be ascertained by looking for depressions in the ground (although, he says, the depressions are no longer present since the field lines allegedly disturbed the graves). The Hartleys maintain that, to their knowledge, the lines do not go over any graves. Mr. Hartley contends that there were no depressions in the ground where the lines were laid and that there was no indication of graves in that particular area.
Pinkston and the Hartleys also disagree about whether the Hartleys sufficiently complied with Pinkston's restrictions. Pinkston claims that he told Mr. Hartley to place the new field lines in exactly the same place as the old lines. He contends that the old lines extended from the Hartley property line forty (40) feet onto his property and that the new field lines extend 120 feet onto his land. The Hartleys maintain that the old lines extended 81 feet onto Pinkston's property and that there exists a difference of only 31 feet in the two sets of lines, as opposed to the 80-foot difference claimed by Pinkston. Pinkston argues that this does not matter, since, he says, the Hartleys were told to place the lines exactly where the old lines had been located. Any extension, therefore, Pinkston argues, whether 31 feet or 80 feet, was violative of the restrictions. The differences in the parties' measurements are material. Since Hartley maintains that he was told to place the new field lines in the proximity of the old lines, the trier of fact must determine whether the new lines are in the proximity of the old field lines.
Pinkston also asserts that the trial court misapplied the law to the facts. An implied easement requires that the easement be reasonably necessary, but it is a question of fact in each particular case whether the right in question constitutes a necessity to the property conveyed. Stringer Realty Co. v. Cityof Gadsden, 256 Ala. 77, 53 So.2d 617 (1951). That the need for a field line easement constituted a reasonable necessity in this particular situation was a finding within the trial court's discretion.
Although the trial court based its order on a finding of an implied easement and easement by necessity, the court could have found an easement by estoppel. See Consolidated FoodsCorp. v. Waterworks Sanitary Sewer Board, 294 Ala. 518,319 So.2d 261 (1975). The essential elements *Page 170 
for estoppel are (1) a position of the defendant assumed under color of right; (2) submission to and reliance upon that assumption by the one asserting estoppel; and (3) injury suffered by the one asserting estoppel as a proximate consequence of such submission and reliance. Mooradian v. CanalIns. Co., 272 Ala. 373, 130 So.2d 915 (1961). "The purpose of. . . estoppel is to promote equity and justice in an individual case by preventing a party from asserting rights under a general technical rule of law when his own conduct renders the assertion of such rights contrary to equity and good conscience." Mazer v. Jackson, 340 So.2d 770, 772 (Ala. 1976). We find that these three elements essential for estoppel are present here.
Pinkston agreed to have the sewage lines laid on his property. His permission establishes that he had knowledge of the lines before any action was ever taken. Additionally, there is evidence that, after the lines had been constructed, Pinkston traversed that section of his property several times and said nothing to Hartley about the location of the field lines. Whether Pinkston observed or merely had opportunity to observe how the lines had been laid is a disputed fact question and thus its solution was within the trial court's discretion. It is not necessary that appellant actually saw the lines; actual knowledge is not required if knowledge can be reasonably imputed. Mazer v. Jackson, 340 So.2d 770 (Ala. 1976). Pinkston's silence for eight months after the lines were laid was a further indication of his assent. The Hartleys, in reliance on Pinkston's promise of an easement, constructed the sewage lines and would be materially harmed if Pinkston's claim were to prevail.
For the above reasons, we affirm the judgment of the Circuit Court of Montgomery County.
AFFIRMED.
JONES, ALMON, SHORES and STEAGALL, JJ., concur.