In August, 1973, Campbell Piping Contractors, Inc. (Campbell) entered into an agreement with Hess Pipeline Company (Hess) to build a pipeline for Hess in Mobile County. United States Fidelity and Guaranty Company (U.S.F. G.) insured Campbell pursuant to the contract. Morgan Nelson was an employee of Campbell and was injured in October, 1973, while attempting to remove some timbers which were being used to support a heavy 36-inch pipe.
The contract between Campbell and Hess contained the following provision:
"B-27 Injuries and Damages
"Responsibility and Liability
 "CONTRACTOR assumes entire responsibility and liability, agrees to indemnify and hold harmless OWNER and its representatives, agrees to defend any suit or action brought against them or any of them, and to pay all damages, losses, costs and expenses, including attorneys' fees sustained or alleged to have been sustained in connection with and to have arisen out of the performance of WORK by CONTRACTOR, its agents and employees and its subcontractors, their agents, and employees, except that OWNER shall bear all damages to crops, timber and improvements lying within the pipeline right-of-way obtained by OWNER, provided such damages shall not have been caused by the negligence of the CONTRACTOR, his agents or employees, his subcontractor, their agents or employees."
In February, 1974, Morgan Nelson filed what was designated a "PETITION FOR DISCOVERY BEFORE ACTION PURSUANT TO RULE 27 (a) and RULE 34, ALABAMA RULES OF CIVIL PROCEDURE," in which he sought discovery of various kinds. Among others, Hess and Campbell were named as corporations expected to be adverse parties in a suit to be brought for his personal injuries.
On February 14, 1974, attorneys retained by U.S.F. G. sent the following letter to U.S.F. G. and Hess: *Page 768 
 "United States Fidelity Guaranty Company Post Office Box 1138 Mobile, Alabama 36601 Hess Pipeline Company Post Office Box 52 Galena Park, Texas 77547
ATTENTION: Mr. W.R. Jameson
 Re: The Petition of Morgan G. Nelson; In the Circuit Court of Mobile County, Alabama, Case No: 43,598
"Gentlemen:
 "This firm has been tendered the defense of the above-referenced matter by United States Fidelity and Guaranty Company, the insuror of Campbell Piping Contractors, Inc. Pursuant to contract between Campbell Piping Contractors, Inc. and Hess Pipeline Company, United States Fidelity and Guaranty Company has agreed to defend Hess Pipeline Company in this litigation pursuant to the said contract.
 "As you know, this firm has represented Hess Pipeline Company with respect to the construction of the
 pipeline out of which Morgan G. Nelson's claim arises and further that we aided in the drafting of the contract referred to herein.
 "Inasmuch as, the insuror of Campbell Piping Contractors, Inc. has agreed to defend Hess Pipeline Company in this litigation, pursuant to the contract referred to herein, we do not see where there is a conflict between Hess Pipeline Company on the one hand and Campbell Piping Contractors, Inc. or United States Fidelity and Guaranty Company.
 "If either of you have any objection to our representation on the basis above outlined, please immediately advise us.
"Very truly yours,
 "LYONS, PIPES AND COOK " /s/ Norton Brooker, Jr. "Norton Brooker, Jr. "NB/bn"
Thereafter, on March 25, 1974, the same law firm advised Hess that the court had denied Morgan's petition for discovery for failure to come within the provisions of Rule 27, ARCP. In this letter, the attorney, retained by U.S.F. G., stated:
 "I would anticipate that very shortly will be filed a suit possibly against Hess Pipeline Company by Mr. Nelson and you should alert probably the legal people to be on the lookout for the suit and advise us when service is made."
On May 16, 1974, Nelson filed a damage suit against Hess charging Hess with negligence, resulting in his injuries.
On May 22, 1974, the following letter was sent to Hess by the firm representing U.S.F. G.:
 "Mr. Howard Mahany, Jr. Associate General Counsel Amerada Hess Corporation 1185 Avenue of the Americas New York, New York 10036
 "Re: Petition of Morgan G. Nelson Circuit Court of Mobile County Case No. 43,598
"Dear Howard:
 "I enclose herewith copy of suit papers filed in the Circuit Court of Mobile County, Alabama by Morgan G. Nelson against Hess Pipeline Company and E.L. McDonald, claiming damages for personal injury allegedly received by Nelson on October 9, 1973. You will note the suit claims $1,000,000.00 in damages.
 "In our telephone conversation of May 22, 1974, I advised that we had been in discussion with the local U.S.F. G. personnel and they advise that before a commitment can be made to defend this suit for Hess Pipeline, the file must be reviewed by their home office and we have been assured that this decision can be made prior to the 30 day period for answering the suit expires.
 "We are advised that Mr. Eilers at the Magazine Point terminal was served copies of the suit on May 21, 1974, but have not received copies of the suit papers as yet from him.
 "We also pointed out in our conversation that there may be an excess situation with respect to the indemnity as we cannot tell from the contract documents in our file the damage limits of the *Page 769 
indemnity agreement of Campbell Piping Contractors, Inc.
 "You advised that you would advise the insurance carrier of Hess Pipeline Company of the suit.
 "In the next few days we will check the Sheriff's return for service on Hess Pipeline Company and advise you of the last day for filing pleadings in the case. We will also make sure that responsive pleadings are filed within the time required by law to protect your company in the event that U.S.F. G. has not made its decision with respect to the indemnity agreement by that time. However, it is understood that in the event it is necessary for us to file such a response to the suit for Hess Pipeline Company such appearance shall be without prejudice to U.S.F. G. or Campbell Piping Contractors, Inc., to later withdraw its appearance in the event that coverage for the indemnity is found not to exist or in the event U.S.F. G. or Campbell Piping determines that it or they will not defend Hess Pipeline Company pursuant to the indemnity agreement.
"Very truly yours,
 "LYONS, PIPES AND COOK "/s/ Norton "Norton Brooker, Jr. "NB/vgp "Enclosure
 "cc: Mr. W.R. Jameson Mr. Tom Elliott, U.S.F. G., Mobile
 "P.S. Please send me conformed copies of pages 1-8 and B-7 of the contracts between Hess and Campbell."
In July, 1974, Hess filed a third-party complaint against Campbell and U.S.F. G. seeking a declaration that, if Hess was liable to Nelson, it was entitled to recover from Campbell and U.S.F. G., its insurer, under the provisions of the contract set out above; and that Campbell was obligated to defend Hess in the damage suit brought by Nelson under the same contractual provision.
At the request of Campbell and U.S.F. G., the third-party claim of Hess was severed from the Nelson damage suit. There after, Hess filed motion for summary judgment against Campbell, supported by an affidavit outlining the following facts which are not disputed:
That Campbell did enter into the contract with Hess, a copy of which was made an exhibit to the motion for summary judgment; that Nelson was injured on the construction site; that the contract contained the provision set out above; that Campbell had presented a sworn affidavit to Hess stating that no liens, charges or claims of any nature existed growing out of the work performed under the contract; that Nelson had filed a petition for discovery prior to instituting his claim for damages, a copy of which was annexed to the motion for summary judgment; and that on or about February 14, 1974, Norton Brooker, Jr., on behalf of the firm of Lyons, Pipes and Cook, wrote to Hess Pipeline Company to advise Hess that U.S.F. G., the insurer of Campbell, had agreed to defend Hess in the litigation pursuant to the aforementioned contract, and that U.S.F. G. had tendered the defense to the firm of Lyons, Pipes and Cook. Because of Mr. Brooker's prior representation of Hess, he requested that Hess advise the firm if it had any objections to that firm representing Hess in the litigation, pursuant to the instructions of U.S.F. G.; no objection was made and Lyons, Pipes and Cook appeared on behalf of Hess in the proceedings.
Based upon the foregoing facts, the trial court entered its order finding that, as a matter of law, Hess was entitled to a judgment declaring that Campbell is obligated to defend Hess against the complaint of Nelson and to pay any judgment entered against Hess in the action brought against it by Nelson.
Campbell and U.S.F. G. appealed from this order. The only issue before us is the propriety of the trial court's granting summary judgment in favor of Hess.
This is a proper case for summary judgment. There are no disputed facts, and the issues have been reduced to questions of law only. There are two such issues: Are *Page 770 
Campbell and U.S.F. G. estopped to deny liability to Hess under the terms of the contract between Campbell and Hess? If so, U.S.F. G. is required to defend the action because it wrote the insurance required of Campbell under the contract, including liability under the "hold harmless" provision. If they are estopped, there is no necessity to consider the second issue, whether Campbell would be liable to Hess under the indemnity provision of the contract, had there been no action by U.S.F. G., as Campbell's insurer, constituting an estoppel.
The trial court had a record before it, as we do now, which shows without contradiction, that the law firm of Lyons, Pipes and Cook represented Hess in the negotiations with Campbell leading to the contract between them. Mr. Brooker, with that firm, had represented Hess in drawing the contract which contains the indemnity provision. As Hess' lawyer, Mr. Brooker would have been attempting to draw a broad indemnity provision which would require Campbell to indemnify his client from all claims arising out of the construction of the pipeline. When Nelson filed the so-called discovery petition, it clearly indicated that Nelson intended to file a suit for damages for personal injuries against Hess. At that stage, U.S.F. G., as insurer of Campbell, agreed to defend Hess under the agreement between Campbell and Hess and retained Hess' lawyer for that purpose. Mr. Brooker, promptly and properly, pointed out to both U.S.F. G. and Hess that, only because Campbell and U.S.F. G., its insurer, had agreed to undertake the defense of the litigation on behalf of Hess, was a conflict of interest eliminated, permitting him to represent both parties.
No objection was raised to Mr. Brooker's proceeding, at the instigation of U.S.F. G., to defend both Campbell and Hess in the litigation.
Only after Nelson filed the suit for damages did U.S.F. G. raise a question about defending Hess. However, it was perfectly clear from the time the petition for discovery was filed by Mr. Nelson that Hess would be an adversary party in the damage suit. It was also obvious from Mr. Brooker's letter that only if Campbell and U.S.F. G., as Campbell's insurer, agreed to defend Hess, could he possibly represent U.S.F. G. and Hess, too. This, for the reason that if Campbell and U.S.F. G. denied that Campbell was obligated to defend Hess under the indemnity provision of the contract, then the positions of U.S.F. G. and Campbell on the one hand and Hess on the other, would be in direct conflict. Hess, as Mr. Brooker's original client, had a right to object to his representing both Campbell and Hess, at the behest of U.S.F. G., if Campbell and U.S.F. G. were prepared to deny that Campbell owed Hess the representation under the contract between them. Relying on Campbell and U.S.F. G.'s agreement to defend against Nelson's petition for discovery, pursuant to the contract, Hess made no objection to Mr. Brooker appearing on its behalf and also Campbell's.
Under these circumstances, we think it is too late for U.S.F. G., insurer of Campbell, to now take the position that it owes no defense to Hess. With full knowledge that the lawsuit was inevitable, and without any reservation of rights to later deny liability, it undertook to defend both Campbell and Hess in the Nelson litigation. It is now estopped to deny that it is so obligated.
The doctrine of estoppel is said to be founded upon principles of equity, morality and justice. 31 C.J.S. Estoppel § 1. When a liability insurer, by assuming the defense of an action leads one to believe liability to do so is not denied, it would be unfair to subsequently permit that insurer to deny coverage, when, without reservation and with knowledge, it assumes exclusive control of the defense of an action. See 38 A.L.R.2d 1148, § 5[b], citing Security Ins. Co. v. Jay,109 F. Supp. 87 (D.C.Minn. 1952); Lincoln Park Arms Bldg. Corp. v.U.S.F. G. Co., 287 Ill. App. 520, 5 N.E.2d 773 (1936); GeneralTire Co. v. Standard Acci. Ins. Co., 65 F.2d 237 (CA8th Minn. 1933). The general rule is limited by the principle that the insurer may avoid the operation of the rule *Page 771 
by giving notice that the assumption of the defense is not a waiver of its right to deny coverage.
The general rule is stated in the following manner at 38 A.L.R.2d 1151, § 3:
 ". . . a liability insurer which assumes and conducts the defense of an action brought against the insured with knowledge of facts taking the accident or injury outside the coverage of the policy, and without disclaiming liability or giving notice of a reservation of its right to deny coverage, is thereafter precluded in an action upon the policy from setting up the defense of noncoverage. . . ."
Cases from thirty jurisdictions are said to follow this general rule.
A like number of jurisdictions also hold that the insurer need only give timely notice that its undertaking to defend does not constitute a waiver of any coverage question it might have. We can see no reason for a distinction to be made in this case.
Applying these general rules to the facts of this case leads us to conclude that Campbell and U.S.F. G. are estopped to deny that Campbell, and thereby U.S.F. G. as its insurer, owes Hess a defense of the Nelson litigation. An examination of the indemnity provision of the contract between Campbell and Hess raises real questions as to whether it was intended that Campbell was to defend Hess against claims based upon the alleged negligence of Hess itself. We have repeatedly held that such provisions must be construed in favor of the indemnitor in instances where the indemnity is not contracted for from an insurance company engaged in the business of writing, for consideration, such coverage, and that such provisions must succinctly and clearly indicate that the indemnitor is required to indemnify the indemnitee against loss occasioned by his own negligence. U.S.F. G. v. Mason Dulion Co., 274 Ala. 202,145 So.2d 711 (1962).
Under the undisputed facts in this case, U.S.F. G. undertook to defend the action brought by Nelson against Campbell and against Hess. It retained an attorney for that purpose. When the attorney pointed out that a conflict would exist which would prohibit his representing both Campbell and Hess if Campbell (or U.S.F. G. as its insurer) denied that Campbell was obligated to Hess under the indemnity provisions of the contract, it was conceded on all sides that Campbell and U.S.F. G. agreed to defend Hess pursuant to the contract.
Campbell and U.S.F. G. argue on appeal that U.S.F. G.'s undertaking to defend Hess in the Nelson litigation should be limited to the defense offered in the discovery proceedings and should not be treated as an agreement to defend Hess in any further litigation brought by Nelson against Hess. This position is not tenable. First, if U.S.F. G. or Campbell, had so intended to limit the defense undertaken, it was incumbent, at least upon U.S.F. G., to so state. Both U.S.F. G. and Campbell were aware of the provisions of the contract, which Hess now claims requires Campbell to defend the Nelson damage suit. Neither of them raised any question about whether it did require Campbell to defend, but instead U.S.F. G. volunteered, as Campbell's insurer, to undertake to defend. It should have indicated to both Campbell and Hess that in so doing it was reserving any rights it may have to deny coverage under its policy and, further, should have indicated that it questioned Campbell's obligation to defend any further litigation under the contract terms. U.S.F. G. had issued its policy covering Campbell under the "hold harmless" provision of its contract with Hess. Its liability was dependent upon Campbell's liability under that provision. It had every opportunity to reserve its right to deny that Campbell, its insured, was required to indemnify Hess under that provision, when it received notice that Nelson was preparing to bring suit against Hess. It did not do that, nor did Campbell do that. Instead, U.S.F. G. proceeded without any mention that either it or its insured questioned their obligation to provide a defense.
U.S.F. G. and Campbell, presumably knowing that, nevertheless undertook and *Page 772 
agreed to defend Hess when the Nelson litigation was initiated. They had the right to reserve for later consideration the question of whether the contractual provision required Campbell to indemnify Hess for loss occasioned by its own negligence. They made no effort to do that but, instead, proceeded to defend Hess, specifying that such defense was undertaken pursuant to the contract between Campbell and Hess. We think they are, therefore, estopped to deny that the provision requires Campbell and U.S.F. G., as its insurer, to afford Hess a defense. The trial court so held, and granted Hess' motion for summary judgment against Campbell. We find no error to reverse.
We are mindful that no ruling adverse to U.S.F. G. has been made by the trial court. It granted Hess' motion for summary judgment against Campbell only. However, since the position of Campbell and U.S.F. G. are identical on this appeal, we need not pass upon the assertion of Hess that U.S.F. G. has no standing as an appellant.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur.