The plaintiffs, Bradley Eugene Fielder, a minor, and his mother, Janet Sue Neener, who sues both as next friend and individually, seek a writ of mandamus directed to the Honorable N. Daniel Rogers, Jr., Judge of the Jefferson County Circuit Court, compelling him to vacate his order of November 9, 1987, which quashed the notice of the plaintiffs' taking of the defendant's experts' depositions and issued a protective order. We deny the writ of mandamus.
Bradley Fielder was injured when he was struck by a lawnmower manufactured by Snapper Power Equipment (hereinafter "Snapper"). The plaintiffs sued Snapper under the Alabama Manufacturer's Extended Liability Doctrine. After two years of discovery, the defendant noticed the deposition of the plaintiffs' expert for November 12, 1987. Subsequently, the plaintiff noticed the depositions of the defendant's experts for the same day, to be taken immediately after the defendant concluded the deposition of the plaintiffs' expert. The defendant moved the court to quash the notice of the taking of its experts' depositions and also moved the court to issue a protective order. As grounds for this motion, Snapper made the following claims (as summarized in its brief):
 1. That the defendant's experts had been specially employed in anticipation of litigation;
 2. That certain of the defendant's experts were not expected to be used at the trial and that the defendant would not make the determination as to which experts would be used until after
it deposed the plaintiffs' expert; *Page 326 
 3. That, in the interest of fairness, the defendant and its experts needed time after taking the deposition of the plaintiffs' expert to "study, digest, and conduct such additional discovery as may be necessary; and [that the defendant needed] an adequate opportunity to test, respond and prepare its defenses."
"In order that justice be done," the trial court stated, it issued an order quashing the notice of the plaintiffs' taking of the defendant's experts' depositions, and the court also issued a protective order. The order stated that the defendant could proceed to depose the plaintiffs' expert on November 12, 1987. The court further ordered the defendant to notify the plaintiffs, in writing, and within 20 days after the taking of the plaintiffs' expert's deposition, as to which experts it expected to use at trial and which it did not expect to use.
The plaintiffs have filed this petition for a writ of mandamus, requesting this Court to direct the trial judge to vacate his order of November 9, 1987, on the ground that he abused his discretion.[1] The plaintiffs claim that extensive discovery had occurred in the two years prior to the notice of depositions, giving the defendant sufficient time and opportunity to discover the plaintiffs' theories of recovery. Therefore, the plaintiffs argue, they should not be disadvantaged and subject to the defendant's "dilatory schedule."
Rule 26(d), A.R.Civ.P., permits methods of discovery to be used in any sequence, and, according to that rule, "the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery." However, Rule 26(d) also authorizes the trial court — "for the convenience of parties" or "in the interests of justice" — to order the sequence and timing of discovery. Thus, discovery matters are within the discretion of the trial court. Assured Investors Life Insurance Co. v.National Union Associates, Inc., 362 So.2d 228 (Ala. 1978). This Court will not reverse the trial court's rulings with respect to discovery issues unless there has been a clear abuse of discretion. Rankin v. First National Bank ofAlabama, 437 So.2d 503 (Ala. 1983); Ex parte OldMountain Properties, Inc., 415 So.2d 1048 (Ala. 1982),cert. denied, Old Mountain Properties, Ltd. v. AprilInvestments, Inc., 459 U.S. 909, 103 S.Ct. 215,74 L.Ed.2d 171 (1982). Furthermore, this Court will not issue a writ of mandamus unless the movant has a clear and indisputable right to a particular result. Ex parte Rudolph,515 So.2d 704 (Ala. 1987).
We find nothing in the record to indicate that the trial court abused its discretion in quashing the notice of the taking of the defendant's experts' depositions. Furthermore, the court's order requires the defendant to determine which experts will and will not testify at trial, within 20 days after deposing the plaintiffs' expert. No substantial injustice results to the plaintiffs from the trial court's order, which has the effect of requiring the plaintiffs to wait at least 20 days after the defendant deposes their expert before they can depose the defendant's experts.
For the foregoing reasons, we deny the writ of mandamus.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] On November 13, 1987, the trial court issued an order staying all proceedings in the case pending our decision.