866 F.2d 408
 INTEGRITY INSURANCE COMPANY, a corporation, Plaintiff,
Alabama Insurance Guaranty Association, Plaintiff-Appellee,
v.
KING KUTTER, INC., Johnnie Lynn Taylor, Joyce Anthony,
Defendants-Appellants,
Robert R. Parrish, and Paulette C. Parrish, Defendants.
 No. 88-7227.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 23, 1989.
 
 John R. Chiles, Sirote, Permutt, McDermott, Slepian, Friend, Friedman, Held & Apolinsky, Birmingham, Ala., for King Kutter and Johnnie Lynn Taylor.
 Joe R. Whatley, Jr., Cooper, Mitch, Crawford, Kuykendall & Whatley, Birmingham, Ala., for Joyce Anthony.
 Russell O. Allison, Dominick, Fletcher, Yeilding, Wood, & Lloyd, Ezra B. Perry, Jr., Birmingham, Ala., for Alabama Ins. Guar. Ass'n.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before JOHNSON and CLARK, Circuit Judges, and VINSON*, District Judge.
 PER CURIAM:
 
 
 1
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR
 
 THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF
 ALABAMA PURSUANT TO RULE 18 OF THE
 
 2
 ALABAMA RULES OF APPELLATE PROCEDURE.
 
 
 3
 TO THE SUPREME COURT OF ALABAMA AND ITS HONORABLE JUSTICES:
 
 
 4
 It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Alabama law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Alabama or any other Alabama appellate court. We, therefore, certify the question for resolution by the highest court of Alabama.
 
 I. Facts
 
 5
 This appeal arises from a declaratory judgment brought by an insurance company, Integrity Insurance Company (Integrity), to determine its responsibilities under a general liability policy. While the declaratory judgment was pending, Integrity was placed in receivership and Alabama Insurance Guaranty Association (AIGA) has subsequently assumed Integrity's obligations.
 
 
 6
 King Kutter, Inc., which manufactures and assembles agricultural equipment in Winfield, Alabama, purchased a general liability insurance policy from Integrity. Johnnie Lynn Taylor (Taylor) and Joyce Anthony (Anthony) are both King Kutter employees. Taylor supervises King Kutter's day to day operations and is a shareholder. Anthony is a shift supervisor.
 
 
 7
 On March 30, 1984, Robert Parrish, a King Kutter employee, was struck in the eye with a piece of metal from a punch press machine he was operating at King Kutter's manufacturing plant. Parrish and his wife filed a tort action in Alabama state court (Parrish lawsuit) on March 26, 1985 against Taylor, Anthony, King Kutter, and both James Arnold Fraley and James Philip Fraley (stockholders and officers of King Kutter), among others, alleging that each acted negligently in failing to provide a safe workplace.
 
 
 8
 On April 22, 1985, corporate counsel for King Kutter wrote Integrity's claims department and demanded a defense and indemnification for Taylor, Anthony, and the Fraleys in the Parrish lawsuit. Record, Vol. 1, Tab 31, Exhibit A. In response, Integrity retained the law firm of Scott & Clark to defend these individuals.[1] By letter dated May 8, 1985, the Scott & Clark law firm acknowledged their representation to Taylor, Anthony and the Fraleys. Id. at Tab 31, Exhibit B. On May 17, King Kutter's corporate counsel sent a letter to Clark & Scott explaining the appellants' employment positions and duties and expressing the company's position that the appellants were entitled to indemnification and a defense. Id. at Tab 31, Exhibit C. Neither Integrity nor its attorneys advanced any reservation of rights at this time.
 
 
 9
 King Kutter's policy with Integrity provides that "insured persons" under the policy include any "executive officer, director, or stockholder thereof while acting in the scope of his duties as such." Id. at Tab 1, Exhibit A. On June 24, 1986, almost fourteen months after undertaking the defense of Taylor and Anthony, Integrity through its own counsel informed Taylor and Anthony by letter that there was "serious doubt" whether they were "insured persons" under the policy and Integrity was reserving its right to deny them insurance protection. Id. at Tab 31, Exhibit D. The letter also informed the appellants that they could retain their own attorney at their own expense.
 
 
 10
 On November 3, 1986, Integrity filed a declaratory judgment action in federal court seeking an order that Taylor and Anthony were not covered under the policy and that Integrity had no duty to defend or indemnify them. Taylor contended that he was a shareholder at the time of the accident and is covered under the policy. In addition, Taylor and Anthony both contend that Integrity had waived or was estopped from denying coverage by having conducted the defense without properly reserving its right to deny coverage. On January 5, 1988, AIGA filed a motion to substitute itself as party plaintiff after it assumed Integrity's obligations under the King Kutter policy. Record, Vol. 1 at Tab 27. The district court granted this motion on February 22, 1988. Id.
 
 
 11
 The district court held that Taylor and Anthony were not "insured persons" under the policy. It is clear that neither Anthony or Taylor are insured under the policy's "officer, director or shareholder" provision which states that such individuals acting within the scope of their duties are covered. The district court found that neither Anthony nor Taylor were executive officers, that Anthony did not own any stock in King Kutter, and that Taylor, although a shareholder, was not acting within the scope of his duties as a shareholder at the time of the accident. Corrected Memorandum of Decision, February 29, 1988 at 3-4. We find that the district court's order on this issue is correct.
 
 
 12
 The district court also held AIGA was not estopped to deny coverage because Anthony and Taylor failed to provide sufficient facts to establish that they had relied to their detriment on AIGA's implied coverage. The district court stated that:
 
 
 13
 Certainly more of a showing is necessary to impose on an insurer by estoppel an obligation to provide coverage than is necessary to impose on an insurer by estoppel a duty to defend. At a minimum detrimental reliance must be shown. The record fails to indicate how either Taylor or Anthony has relied to his detriment on implied coverage by plaintiff for his liability as a result of his acts or omissions embraced in the Parrish lawsuit.
 
 
 14
 Corrected Memorandum of Decision, February 29, 1988 at 7. The court did hold that AIGA had the duty to defend or pay defense costs to Anthony and Taylor.
 
 
 15
 Taylor and Anthony appealed the district court's order and AIGA did not file a cross-appeal. Thus, the sole issue on appeal is whether the district court erred in holding that AIGA had no duty to indemnify Taylor and Anthony under an estoppel or waiver theory.
 
 II. Discussion
 
 16
 The appellants argue that the district court erred in requiring them to establish proof of actual prejudice. They assert that extensions of existing Alabama case law lead to the conclusion that proof of prejudice in a duty to indemnify action is either not necessary or presumed by virtue of the insurer's assumption of a putative insured's defense without a reservation of rights with full knowledge of facts that would have permitted it to deny coverage. They contend that most states do not require proof of prejudice because prejudice is the inevitable effect of a putative insured's loss of the right to maintain complete control of his own defense.
 
 
 17
 The appellants argue in the alternative that there was sufficient evidence to establish prejudice to the appellants resulting from AIGA's undertaking their defense without a reservation of rights. They assert that the law firm furnished by AIGA maintained complete control over the Parrish lawsuit and communicated very little with them during the lawsuit's pendency. They contend that because AIGA defended the appellants almost fourteen months before attempting to reserve its rights, they have foregone selecting their own counsel, negotiating their own settlement, and deciding upon what pre-trial strategies they could have pursued. They next assert that document production, the inspection of King Kutter's plant and machinery, and other discovery have already occurred placing all relevant information in the hands of attorneys selected by AIGA and whose interests may now be adverse to the appellants' interests. Finally, the appellants assert that AIGA's appointed trial counsel may have improperly handled their defense.
 
 
 18
 AIGA argues that the general rule is that coverage under an insurance policy cannot be extended by waiver or estoppel. Mooradian v. Canal Ins. Co., 272 Ala. 373, 130 So.2d 915 (1961). In Mooradian, the Alabama Supreme Court established the principle that the doctrines of waiver and estoppel do not operate to create coverage under an insurance policy where none originally existed if an insurer reserves its rights prior to or at the time of assuming an insured's defense. 130 So.2d at 918-19. The insurer in Mooradian made futile attempts to get the insured to sign a non-waiver agreement before undertaking the insured's defense and later assumed the insured's defense while concurrently reserving its rights to assert non-coverage.
 
 
 19
 AIGA asserts this rule precludes Taylor and Anthony from prevailing in their quest for indemnification because extending coverage to Taylor and Anthony would be to create "primary liability" not comprehended in the original policy and for which no additional compensation is provided. AIGA claims in the alternative that the appellants have failed to establish they have been prejudiced by Integrity's failure to reserve its rights in a timely manner.
 
 
 20
 The Alabama Supreme Court has held an insurer that undertakes the defense of a putative insured without reserving the right to withdraw its defense waives its right to do so. Burnham Shoes, Inc. v. West American Ins. Co., 504 So.2d 238, 241-42 (Ala.1987), answering certified question from, 784 F.2d 1531 (11th Cir.1986), answer conformed to, 813 F.2d 328 (11th Cir.1987); Campbell Piping Contractors, Inc. v. Hess Pipeline Co., 342 So.2d 766, 770-71 (Ala.1977). Neither Campbell Piping nor Burnham Shoes requires the putative insured to demonstrate actual prejudice in a duty to defend action. The issue in this appeal is whether Taylor and Anthony must show actual prejudice arising from AIGA's undertaking their defense or whether prejudice is presumed in a duty to indemnify action based on an estoppel theory where an insurer undertakes the defense of a putative insured in a lawsuit, knowing (or having constructive knowledge of information) that its policy with the insured does not provide for coverage in the event the insured is found liable, and fails to reserve its right to withdraw its defense.
 
 
 21
 It appears, however, that this issue is not controlled by any precedent of the Supreme Court of Alabama or any other Alabama appellate court. In both Campbell Piping and Burnham Shoes, the Alabama Supreme Court cited with approval the general rule that where an insurance company assumes the defense of an action without a reservation of rights and with full knowledge of facts that would have permitted it to deny coverage, the company may be estopped from subsequently raising the defense of non-coverage. Burnham Shoes, 504 So.2d at 241-42, Campbell Piping, 342 So.2d at 770-71.[2] Although the term "non-coverage" is broad enough to encompass a right to indemnification, neither Burnham Shoes nor Campbell Piping is a right to indemnification case where the putative insured's claim for indemnification arises solely from the insurer's undertaking the putative insured's defense.[3] Thus, these cases provide guidance but do not resolve the question whether prejudice is presumed in duty to indemnify as well as duty to defend cases.
 
 III. Certified Question
 
 22
 Because no Alabama case disposes of the duty to indemnification issue in this appeal, we respectfully certify the following question to the Alabama Supreme Court:
 
 
 23
 Whether an insurer who: (1) undertakes the defense of a putative insured in a lawsuit; (2) knows (or has constructive knowledge of information) that its policy with the insured does not provide for coverage in the event the insured is found liable; and (3) fails to reserve its right to withdraw its defense, is estopped from denying a duty to indemnify the putative insured in the absence of proof of actual prejudice to the insured caused by the insurer's defense, or is prejudice to the putative insured's defense presumed?
 
 
 24
 In order to assist consideration of this case, the clerk of the court is directed to transmit this certificate as well as the entire record and the briefs of the parties to the Supreme Court of Alabama. QUESTION CERTIFIED.
 
 
 
 *
 Honorable Roger Vinson, U.S. District Judge for the Northern District of Florida, sitting by designation
 
 
 [1]
 The firm has represented the appellants in the Parrish lawsuit at least to the time of the filing of this appeal. The appellants are represented by separate counsel in this appeal
 
 
 [2]
 Both courts quoted language from Annotation, Liability Insurance: Insurer's Assumption of or Continuation in Defense of Action Brought Against the Assured as Waiver or Estoppel as Regards Defense of Noncoverage or Other Defense Existing at Time of Accident, 38 A.L.R.2d 1148 (1954, Subs. Case Serv. 1977 & Supp. Cases. 1988). This annotation indicates that this theory is the accepted rule in most states and is based, in part, on fairness to a defendant because of the apparent conflict of interest that arises when an insurer represents a defendant in a lawsuit and simultaneously formulates its defense against the defendant for non-coverage
 
 
 [3]
 Although Campbell Piping analyzes a duty to indemnification issue, the right to indemnification appears to be based on the contract between Campbell and Hess, not on an estoppel or waiver theory