HOOPER, Chief Justice
(dissenting).
The petition filed by Lani Kai Village Condominium Owners Association (“Lani Kai”) suggests the following facts: L.K. Real Estate, Inc. (“L.K.”), a real-estate management company that manages condominiums at the Lani Kai Village condominium complex, sued Lani Kai. In that action, L.K. alleged that Lani Kai had committed negligence or wantonness against L.K. and had tortiously interfered with L.K’s business and contractual relations. In preparing its defense, Lani Kai sought from L.K. discovery of all documents that relate to, or refer to, “tax, accounting, and other financial records of L.K. Real Estate from 1994 to the present.” L .K. responded by stating that it had already produced that information. Lani Kai further sought production of all documents that relate to, or refer to, “lists or databases of current, former or potential customer(s) or client(s) of L.K. Real Estate from 1994 to present.” L.K. objected to this request.
At a hearing before the trial court, L.K. argued that the financial and customer information Lani Kai sought was irrelevant and that the requests were overly broad because the information sought was not limited to the few owners and renters as to whom L.K. claimed Lani Kai had wrongfully interfered. Lani Kai argued that L.K. had not previously narrowed its claims to only a few owners and renters and that the requested information could reasonably lead to the discovery of admissible evidence with respect to potential witnesses and with respect to the issues of L.K.’s business reputation, causation, and damages, issues certainly relevant to L.K.’s claims of tortious, interference. Lani Kai moved to compel this discovery; the trial court granted the motion, but only to the extent of requiring L.K. “to provide financial records and client lists for the units involved which [L.K.] shall specifically enumerate.”
The trial court, on April 29, 1999, ordered L.K. to specifically enumerate the Lani Kai Village rental units as to which its claims related; in response, L.K. produced a list naming every unit L.K. had ever managed at Lani Kai Village, beginning in January 1997. L.K. also claims that its entire business, with respect to existing and potential customers at Lani Kai Village, and its overall reputation in the business community, have been adversely affected by Lani Kai.
Lani Kai petitions for a writ of mandamus directing the circuit court to compel *549 the discovery in full. Lani Kai claims in its petition that the information sought from L.K. is in an easily accessible software format, a fact that would defeat L.K’s argument that it would be overly burdensome to supply the requested discovery. As for the question of relevance, there are several obvious reasons why Lani Kai would need the information it seeks. For example, it would want to know whether L.K. has continued to develop additional rental business and customers at properties other than Lani Kai Village. The answer to that question would help determine L.K.’s overall reputation in the business community. In addition, if L.K. is still successfully developing such properties, one questions whether Lani Kai has harmed L.K’s reputation. That information would be relevant as to the harm claimed by L.K.
Second, has L.K. refocused its marketing and rental efforts on properties other than Lani Kai Village? Margaret Killian, an employee of L.K., testified by deposition that L.K’s business had increased over the last two years. Third, Lani Kai Village is an older condominium complex. Could any decrease in L.K.’s income from managing properties at Lani Kai Village be resulting from a customer’s preference for newer properties? Fourth, could the fact that in 1997 L.K. raised the rent for the condominiums at Lani Kai Village have affected L.K’s revenues from that complex? Fifth, how is Lani Kai to determine what L.K’s true loss of reputation in the general business community, that is, the potential harm, is if it cannot discover what kind of business L.K. has been able to do with its other properties?
In Ex parte Harwell, 639 So.2d 1335, 1336 (Ala.1993), this Court stated:
“Discovery matters are within the sound discretion of the trial court, and this Court will not reverse a trial court’s rulings on discovery issues unless there has been a clear abuse of discretion. Home Ins. Co. v. Rice, 585 So.2d 859 (Ala.1991). Further, this Court has held that, to be entitled to a reversal of a judgment for an abuse of discretion, the party claiming abuse must establish that it was prejudiced by the alleged abuse. See Valley Properties, Inc. v. Strahan, 565 So.2d 571, 583 (Ala.1990).”
In Ex parte Pomerantz, 590 So.2d 903, 906 (Ala.1991), this Court stated, “Discovery is permitted if there is ‘any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim.’ ” Quoting Ex parte AMI West Alabama Gen. Hosp., 582 So.2d 484, 485 (Ala.1991).
If Lani Kai cannot present an adequate defense without information that is in the sole possession of L.K., then discovery should be permitted as to that information. The trial court abused its discretion in not compelling the production of such information. I would grant the petition for the writ of mandamus. Therefore, I respectfully dissent.