THOMAS, Judge.
Alabama Gas Corporation ("Alagasco"), the defendant in a pending action brought by Robert Alan Smitherman ("the employee") pursuant to the Alabama Workers' Compensation Act, §§ 25-5-1 et seq., Ala. Code 1975, petitions for a writ of mandamus ordering the Jefferson Circuit Court to vacate a November 6, 2017, discovery order, which, according to Alagasco, "overrides and nullifies" certain discovery provisions of the Act. For the reasons stated herein, we deny the petition.
" ' "Discovery matters are within the trial court's sound discretion, and this Court will not reverse a trial court's ruling on a discovery issue unless the trial court has clearly exceeded its discretion. Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala. 1991). Accordingly, mandamus will issue to reverse a trial court's ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions."
" 'Ex parte Ocwen Fed. Bank, FSB, 872 So. 2d 810, 813 (Ala. 2003).
" 'Moreover, this Court will review by mandamus only those discovery matters involving (a) the disregard of a privilege, (b) the ordered production of "patently irrelevant or duplicative documents," (c) orders effectively eviscerating "a party's entire action or defense," and (d) orders denying a party the opportunity to make a record sufficient for appellate review of the discovery issue. 872 So.2d at 813-14.' "
Ex parte Mobile Gas Serv. Corp., 123 So.3d 499, 504 (Ala. 2013) (quoting Ex parte Meadowbrook Ins. Grp., Inc., 987 So.2d 540, 547)(Ala. 2007) ).
The materials provided for our review reveal that the employee suffered a work-related injury in 2015, that he had received authorized medical treatment and temporary-total-disability benefits, and that a dispute had arisen between the parties regarding, among other issues, whether the employee's injury is a permanent injury. The employee filed a complaint in the circuit court in April 2017; Alagasco filed an answer to the complaint. On November 6, 2017, the circuit court entered an order pursuant to the Health Insurance *1150 Portability and Accountability Act of 1996 ("HIPAA"). The order is titled "HIPAA Order in Civil Actions" ("the HIPAA order"), and is the subject of this mandamus petition. Alagasco filed an opposition to the HIPAA order, specifically challenging its propriety because, Alagasco argued, the HIPAA order prohibits certain methods of discovery that are allowed in workers' compensation actions.
On December 14, 2017, the circuit court entered an order setting a December 20, 2017, hearing on the matter. However, on December 18, 2017, Alagasco filed a timely petition for a writ of mandamus regarding the HIPAA order. See Rule 21(a)(3), Ala. R. App. P. Alagasco moved the circuit court for a stay of the December 20, 2017, hearing pending our resolution of the mandamus petition; however, at the hearing, the circuit-court judge orally denied Alagasco's motion to stay, and the hearing occurred.[1] At the December 20, 2017, hearing, the circuit-court judge said: "I think, [the HIPAA order], to some degree, is due to be amended.... [T]here may be some revision that I acknowledge that needs [to] be made." As pointed out by the employee:
"The [circuit] court was clearly not acting in a fashion that would demand that this court intervene in this preliminary discovery issue. The right Alagasco claims was violated is a hypothetical issue created by Alagasco's counsel and not a right at all."
Alagasco argues in its mandamus petition to this court that,
"under the terms of the ... HIPAA Order, the provisions of Alabama's Workers' Compensation Act will be frustrated, and the standard, ordinary workers' compensation claim handling process, as well as the defense of this lawsuit, will be fatally obstructed.
"....
"As it now stands, the HIPAA Order ... prohibits any meaningful opportunity on the part of [Alagasco] ... to make timely determinations of reasonableness, necessity, relatedness and authorization of medical treatment. Furthermore, the ... HIPAA order removes any timely opportunity to insure that [the employee] is compliant with reasonable requests to submit to authorized medical treatment, rendering § 25-5-77(b), Ala. Code 1975, meaningless and prejudicing Alagasco's rights under the Workers' Compensation Act of Alabama."
Alagasco has not demonstrated to this court that the circuit court clearly exceeded its discretion or that Alagasco does not have an adequate remedy by appeal. The circuit-court judge's comments at the December 20, 2017, hearing on the matter suggest that the circuit court was quite unwilling to impede discovery, despite its entry of the HIPAA order. Moreover, Alagasco has not demonstrated that its mandamus petition regarding a discovery order presents an exceptional case. Unlike the party in Ex parte Mobile Gas Service Corp., in this action Alagasco has failed to demonstrate that the HIPAA order is reviewable under the categories our supreme court has recognized as warranting mandamus review of discovery orders. In other words, Alagasco does not claim that there has been a disregard of a privilege, that it has been ordered to produce irrelevant or duplicative documents, or that the HIPAA order denies Alagasco the opportunity to make a record sufficient for appellate review of the discovery issue. Construed liberally, Alagasco at least alludes to category *1151 (c)-that the HIPAA order effectively eviscerated its entire action or defense. However, Alagasco does not claim that it has requested or been denied any item of discovery; thus, it cannot demonstrate evisceration of its defense.
PETITION DENIED.
Thompson, P.J., and Pittman and Donaldson, JJ., concur.
Moore, J., concurs in the result, with writing.
MOORE, Judge, concurring in the result.
I concur that the petition for a writ of mandamus is due to be denied, but I do not necessarily agree with all of the reasons set forth in the main opinion. In a hearing on the motion of Alabama Gas Corporation ("the employer") to vacate the HIPAA order previously entered by the trial court, the trial court indicated that it would amend the order to address the concerns of the employer. Accordingly, I conclude that the trial court has not refused to act on the motion of the employer. Unless and until the trial court refuses to act, the petition for a writ of mandamus is, in my opinion, premature.

In its mandamus petition, Alagasco requested that this court stay the proceedings in the circuit court. Because the December 20, 2017, hearing has already occurred, we deny as moot Alagasco's request for a stay.