Pursuant to Rule 21, Ala.R.App.P., DCH Regional Medical Center ("the hospital") has petitioned this Court for a writ of mandamus directing the Court of Civil Appeals to vacate its order of April 16, 1996, setting aside the trial court's March 11, 1996, order compelling discovery. The writ is granted.
The plaintiff, Rosalyn McCain, sued the hospital, alleging negligence and wantonness and seeking damages for an infection that she claims to have contracted while receiving care at the hospital. During discovery, the hospital submitted the following interrogatories to the plaintiff:
 "10. Please state how and in what manner the defendant, DCH Regional Medical Center, was negligent, as alleged.
 "11. Please state how and in what manner it is claimed the defendant, DCH Regional Medical Center, was guilty of wantonness, as alleged.
 "12. Please state how and in what manner it is claimed that the defendant, DCH Regional Medical Center, breached any contractual duty owed to the plaintiff, as alleged."
The plaintiff responded as follows:
 "10-12. For all of the above-referenced answers, see the soon to be famous March 22, 1995, in-service tape of DCH operating room personnel."
Thereafter, the hospital requested that the plaintiff's attorney produce the tape, which the plaintiff says depicts hospital management personnel discussing "the failure to clean contaminated instruments in all operating rooms at [the hospital] and [the hospital's] outpatient center and doctors' complaints concerning the same," and that he also disclose the name of the person who had given him the tape. The plaintiff's attorney produced the tape; however, citing the attorney/client privilege and the work product rule, he refused to disclose the identity of the person who had given him the tape. The trial court granted the hospital's motion to compel this information, and the plaintiff's attorney sought and obtained a writ of mandamus from the Court of Civil Appeals directing the trial court to set aside its order.[1]
The hospital contends that the plaintiff's attorney failed to meet his burden of proving that the identity of the person who had provided him with the tape was protected from disclosure and, therefore, that the Court of Civil Appeals had no evidentiary basis upon which to set aside the trial court's order. The plaintiff's attorney, citing Ex parte Enzor,270 Ala. 254, 117 So.2d 361 (1960), and a confidential letter that he submitted to the trial court under seal, contends that he presented sufficient proof to the trial court to establish that the information was protected from disclosure and, therefore, that the Court of Civil Appeals properly set aside the trial court's order. Specifically, the plaintiff's attorney argues that he proved that the disclosure of his source's identity would possibly subject that person to criminal prosecution for providing him with the tape. According to the plaintiff's attorney, this brings this case within the exception to the general rule that the identity of a client is not protected from disclosure under the attorney/client privilege.[2] In Exparte Enzor, this Court, quoting 58 Am.Jur. Witnesses, § 507, discussed that exception:
 " 'While the disclosure of the identity of the client is not, in and of itself, a matter *Page 411 
within the privilege, it may become so by reason of its necessary effect or tendency to reveal the previous connections, conduct, or transactions of the client which are within the privilege, and a direct disclosure of which would concededly be a violation of the privilege; when that condition exists the attorney will not be compelled to disclose the name of his client.' "
270 Ala. at 257, 117 So.2d at 362.
In Ex parte Enzor, a qualified practicing attorney was called before a grand jury in Covington County and asked the following question:
 "Will you give us the name of the election official from Beat 3, Box 1, in the last Democratic Primary who told you that he had been offered a sum of money ($100.00) to miscount or tamper with the election results?"
The attorney asserted that this statement had been made to him by a client of his and that his answer would violate the rule of privilege that exists as a result of this attorney/client relationship. After a hearing on a petition to compel disclosure, at which testimony was taken, the trial court asked the attorney to disclose the name of his client. He refused and was held in contempt. After discussing the general rule and the recognized exception noted above, this Court stated:
 "The essential facts here are that the undisclosed client came to petitioner during a political campaign in which the circuit judge, the circuit solicitor, the sheriff and the probate judge were or had been candidates in contested races. This client had been an election official in the first primary and was to serve in the same capacity for the runoff. He told petitioner in confidence that a third party had offered to bribe him to violate the election laws, or that he had accepted a bribe to such end; and requested petitioner's legal opinion as to what he should do under the circumstances.
 "Petitioner advised the client to count the ballots correctly, but could not recall whether or not his client had been offered a bribe or had in fact taken one prior to the consultation.
 "If the client had already accepted the bribe, he had violated the law and the authorities seem to be uniform that, in such a case, the identity of the client would be privileged. The authorities are also in agreement that the privilege does not apply to communications in which advice is sought to cover future or contemplated crimes. 58 Am.Jur., Witnesses, § 516, p. 289; 97 C.J.S. Witnesses 285, p. 812.
 "This is a close case and has not been without difficulty in deciding, but we choose to follow [Ex parte McDonough, 170 Cal. 230, 149 P. 566
(1915),] in this delicate field of attorney-client relationship, and hold that under the circumstances of this case, the privilege did attach, and petitioner correctly refused to answer the propounded question."
270 Ala. at 259-60, 117 So.2d at 365-66.
In Ex parte State ex rel. McKinney, 575 So.2d 1024, 1026
(Ala. 1990), this Court stated:
 "This Court has addressed many times the issue of when mandamus is due to be granted. In Ex parte Thompson, 474 So.2d 1091 ([Ala.] 1985), the Court stated:
 " 'It is axiomatic that mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the court below abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte Baker, 459 So.2d 873, 876 (Ala. 1984); Ross v. Luton, 456 So.2d 249, 254 (Ala. 1984); Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala. 1981).'
"474 So.2d at 1094.
 "Furthermore, mandamus is not a writ of right; it is granted or denied in the Court's discretion. Ex parte Dunlap, 260 Ala. 52, 68 So.2d 533 (1953). It is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. C G Development v. Planning *Page 412 Commission of the City of Homewood, 548 So.2d 451
(Ala. 1989)."
After carefully examining the materials presented, including the documents submitted under seal, in accordance with our mandamus standard of review, we conclude that the Court of Civil Appeals had no evidentiary basis upon which to set aside the trial court's order compelling disclosure. The burden is on the party asserting the attorney/client privilege to establish the existence of an attorney/client relationship as well as other facts demonstrating the claim of privileged information. See Swain v. Terry, 454 So.2d 948 (Ala. 1984). Whether a communication is privileged is a question of fact to be determined by the trial court from the evidence presented and "[a] witness, be he attorney or client, is not entitled to decide the question for himself." Harris v. State, 281 Ala. 622,625, 206 So.2d 868, 871 (1968). Nothing was presented to the Court of Civil Appeals, and nothing has been presented to this Court, indicating that the trial court acted arbitrarily or capriciously in ordering the disclosure of the identity of the person who provided the tape to the plaintiff's attorney. In this respect, we note that the sealed materials do not include an affidavit from the plaintiff's attorney, as the plaintiff's attorney asserts. The plaintiff's attorney did submit a letter to the trial court, which we have carefully examined, in which he asserted, among other things, that he had an attorney/client relationship with the person who had provided him with the tape and that the hospital's attorney had accused the person of committing a criminal act by providing him with the tape. Although the plaintiff's attorney was under an ethical obligation to speak truthfully in his letter to the trial court, see Rule 3.3, Rules of Professional Conduct ("Candor Toward the Tribunal"), the assertions contained in the letter itself do not constitute evidence establishing the privilege. See Harris, supra, 281 Ala. at 625,206 So.2d at 871.
We further point out that even if we were to extend evidentiary value to the assertions of the plaintiff's attorney and were to conclude that his relationship with the source of the tape was one of attorney and client for purposes of invoking the privilege, we still could not find clear error on the trial court's part in compelling disclosure. The assertions contained in the letter are clearly insufficient to establish that the person who provided the tape to the plaintiff's attorney would be subject to criminal prosecution. In the absence of a clear indication that the tape itself (as opposed to a copy of the tape) was removed from the hospital or that the taped material was protected under copyright laws, the mere fact that the hospital's attorney may think that a criminal act was committed is not enough to invoke the Enzor exception. The criminality of the act needs to be proved before the privilege can be invoked. There was no question in Enzor that the acceptance of a bribe by an election official was a criminal act.
For the foregoing reasons, we hold that the Court of Civil Appeals abused its discretion by issuing a writ of mandamus setting aside the trial court's discovery order. Under Rule 26, a party is entitled to a broad right of discovery unless the information sought is shown to be irrelevant or privileged, seeEx parte AMI West Alabama General Hospital, 582 So.2d 484 (Ala. 1991), and great deference is extended to trial courts in regard to their rulings on discovery matters. See Ex parteDorsey Trailers, Inc., 397 So.2d 98 (Ala. 1981). At this point in the case, the plaintiff's attorney has made no evidentiary showing (at least as far as we can tell from the materials before us) that the information sought is irrelevant or privileged. We hasten to point out, however, that by issuing the writ in this case we do not mean to foreclose any future hearings on the matter at which evidence establishing the privilege could be introduced and considered by the trial court.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, SHORES, and KENNEDY, JJ., concur.
COOK and BUTTS, JJ., dissent.
[1] The Court of Civil Appeals issued a two-paragraph order, but that order provided no insight as to why it was setting aside the order of the trial court. Ex parte McCain, 683 So.2d 57
(Ala.Civ.App. 1996) (table).
[2] The plaintiff's attorney does not argue that the identity of the person who provided him with the tape is protected under the work product rule. In any event, we fail to see how the person's identity could be considered a document or a tangible thing prepared in anticipation of litigation or for trial, or how it otherwise could be classified as a mental impression, conclusion, opinion, or legal theory of the plaintiff's attorney or of any other representative of the plaintiff. See Rule 26(b)(3), Ala.R.Civ.P. *Page 413