66 So.3d 750 (2011)
Ex parte Wade TUCKER et al.
(In re Wade Tucker et al. v. Richard Scrushy et al.).
No. 1090445.
Supreme Court of Alabama.
January 7, 2011.
*751 N. Christian Glenos, Hope T. Cannon, and Marc James Ayers of Bradley Arant Boult Cummings LLP, Birmingham, for petitioner HealthSouth Corporation.
John Q. Somerville, of Galloway & Somerville, Birmingham and John W. Haley, Michael D. Ermert, Ralph D. Cook, and Bruce J. McKee of Hare Wynn Newell & Newton, Birmingham, for petitioners Wade Tucker and the Wendell H. Cook, Testamentary Trust, derivatively on behalf of and for the benefit of HealthSouth Corporation.
SHAW, Justice.
The plaintiffs below, Wade Tucker; the Wendell H. Cook, Sr., Testamentary Trust; John P. Cook; and HealthSouth Corporation ("the petitioners"), petition this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order in favor of the law firm of Parkman, Adams & White, LLC ("Parkman"), quashing a subpoena seeking the production of documents and records held by Parkman reflecting payments made by or on behalf of Richard Scrushy.[1] We grant the petition and issue the writ.

*752 Facts and Procedural History

On June 18, 2009, the Jefferson Circuit Court entered a judgment in favor of the petitioners and against Scrushy in the amount of $2,876,103,000. The petitioners, in an attempt to collect on the judgment and to discover assets held by Scrushy, filed a notice of intent to serve a subpoena on Parkman, which had previously represented Scrushy in various criminal and civil matters. The subpoena sought production of documents and records reflecting payments to Parkman by or on behalf of Scrushy, amounts held in trust relating to Scrushy, and documents evidencing payments received by Parkman for legal services rendered to Scrushy. The subpoena explicitly excluded attorney work-product and materials protected by the attorney-client privilege.
Parkman filed a motion to quash the subpoena, asserting that the information requested was privileged, irrelevant, and immaterial and that the production of it would be unduly burdensome. The subpoena was not issued. See Rule 45(a)(3)(B), Ala. R. Civ. P.[2] Scrushy filed no objection to the subpoena. After a hearing, the trial court entered an order granting the motion to quash the subpoena. The petitioners timely filed this petition seeking a writ of mandamus directing the trial court to vacate its order.

Standard of Review
"Discovery matters are within the trial court's sound discretion, and this Court will not reverse a trial court's ruling on a discovery issue unless the trial court has clearly exceeded its discretion." Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (citing Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala.1991)). "Accordingly, mandamus will issue to reverse a trial court's ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions." Ex parte Ocwen, 872 So.2d at 813.
"A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001).

Discussion
In the trial court, Parkman objected to the subpoena, arguing that the request sought material that was privileged, personal and confidential, irrelevant, and immaterial to the collection of the plaintiffs' judgment against Scrushy and that the production of the material would be unduly burdensome. The materials before this Court contain no substantiation for these arguments. Furthermore, Parkman has not filed an answer or brief in this Court in support of its position below or in support of the trial court's decision.

A.
First, the petitioners argue that Parkman failed to prove in the trial court *753 that the "financial arrangement between attorney and client is privileged, personal and confidential information." The party asserting the attorney-client privilege bears the burden of establishing that the privilege attaches to the documents requested. Lynch v. Hamrick, 968 So.2d 11, 14 (Ala.2007); Ex parte DCH Reg'l Med. Ctr., 683 So.2d 409, 412 (Ala.1996). "The burden is on the party asserting the attorney/client privilege to establish the existence of . . . facts demonstrating the claim of privileged information." 683 So.2d at 412.
Parkman presented no argument in the trial court or in this Court demonstrating that the information was privileged. However, even if Parkman had presented an argument in support of its assertion, it is clear that, generally, "[b]ank records of receipts and disbursements in lawyers' trust accounts are not privileged communications." Ex parte Clark, 630 So.2d 493, 497 (Ala.Crim.App.1993). Further, the United States Court of Appeals for the Tenth Circuit has noted:
"The maintenance of checking accounts is not shown to have any relevance to any communications made in confidence between a lawyer and client for the purpose of obtaining legal advice. A client may not immunize his business transactions from discovery by the device of a lawyer's commercial checking account."
Securities & Exch. Comm'n v. First Sec. Bank of Utah, N.A., 447 F.2d 166, 167 (10th Cir.1971). See also 2 Charles W. Gamble, McElroy's Alabama Evidence § 392.02 (6th ed. 2009) ("The attorney-client privilege generally does not exempt the attorney from testifying to the fact of the attorney's employment, the name of the person so employing and the terms of the employment. This general rule includes disclosure of the fee arrangement." (footnotes omitted)), and In re Grand Jury Proceedings in re Freeman, 708 F.2d 1571, 1575 (11th Cir.1983) ("[I]nformation regarding a fee arrangement and the identity of the person paying the fee falls outside the protection of the attorney-client privilege.").
Parkman did not show that the information requested was privileged or that it contained any communication that could be considered protected by the attorney-client or attorney-work-product privilege. Therefore, the petitioners have demonstrated that Parkman failed to meet its burden in the trial court of showing that the requested material was protected by the attorney-client privilege. Without such a showing by Parkman, the trial court exceeded its discretion by determining that the requested information was privileged.[3]

B.
Parkman argued in the trial court that the requested documents were irrelevant and immaterial to the collection of the judgment against Scrushy. "In order for the matter to be discoverable, the information sought must also be relevant." Zaden v. Elkus, 881 So.2d 993, 1005 (Ala. 2003). "`"Relevancy," as used in our discovery rules, means relevant to the subject matter of the action; evidence is relevant if it affords a reasonable possibility that the information sought will lead to other evidence that will be admissible. Ex parte Dorsey Trailers, [Inc., 397 So.2d 98 (Ala. 1981)]; Drewes v. Bank of Wadley, 350 So.2d 402 (Ala.1977); 8 Wright and Miller, Federal Practice and Procedure § 2008 *754 (1970).'" Zaden, 881 So.2d at 1005-06 (quoting Plitt v. Griggs, 585 So.2d 1317, 1321 (Ala.1991)). Under Rule 26(b)(1), Ala. R. Civ. P., "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . including the existence, description, nature, custody, condition and location of any books [or] documents." In Ex parte AMI West Alabama General Hospital, 582 So.2d 484, 485-86 (Ala.1991), we explained:
"[Rule 26(b)(1)] contemplates a broad right of discovery. Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. Discovery is not limited to matters that would be admissible as evidence in the trial of the lawsuit."
Consistent with their argument in the trial court, the petitioners argue that the subpoena to Parkman was designed to produce information that could lead the judgment creditors to assets held by Scrushy, making the requested documents relevant. There is no argument before us that such information is irrelevant or immaterial. Further, as the petitioners note, there is a reasonable possibility that the information obtained from documents indicating who or what entity paid for legal services on Scrushy's behalf could lead the petitioners to assets held by Scrushy. Those assets could then be used to satisfy a judgment against Scrushy issued by the same court.
The petitioners' position is bolstered by Rule 69(g), Ala. R. Civ. P., which allows a judgment creditor to "obtain discovery from any person, including the judgment debtor," in aid of obtaining the judgment. Outside the conclusory argument that "the information sought is irrelevant and immaterial to the collection of the plaintiff's judgment against the debtor," there is no support for Parkman's position that the information sought is irrelevant. "A trial judge, who has broad discretion in this area, should nevertheless incline toward permitting the broadest discovery. . . ." Ex parte AMI West Alabama Gen. Hosp., 582 So.2d at 486. We conclude that the petitioners have met their burden of establishing that the information they sought was relevant. The trial court, without any showing to the contrary by Parkman, exceeded its discretion in determining otherwise.

C.
Finally, the petitioners argue that Parkman's contention in the trial court that it would be unduly burdensome to produce the requested information is not supported by any evidence and thus is insufficient to support quashing the subpoena. This Court has held that discovery should be allowed in full unless the opposing party can show that the production of the requested materials would be unduly burdensome. Ex parte Jacksonville State Univ., 40 So.3d 672, 676-77 (Ala.2009); see generally Ex parte Ocwen Fed. Bank, FSB, 872 So.2d at 815-16. Parkman's argument in the trial court, in its entirety, consists of only one statement: "The request is unduly burdensome." This statement does not show why production would be unduly burdensome, and no other evidence or explanation has been put before us. We conclude, therefore, that the petitioners have established that Parkman failed to meet its burden in the trial court; the trial court exceeded its discretion in determining that complying with the discovery request would be unduly burdensome for Parkman.

Conclusion
The petitioners have established that they are entitled to the requested discovery; *755 Parkman failed to establish before the trial court that the subpoena was due to be quashed. The petitioners have demonstrated a clear legal right to mandamus relief; therefore, we direct the trial court to vacate the order quashing the subpoena as to Parkman.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs in the result.
MURDOCK, Justice (concurring in the result).
I am somewhat skeptical of the notion implied in the position taken by petitioners, i.e., that the financial arrangements between an attorney and client generally are not, by their very nature, privileged, personal, and confidential. Under the facts of this case, including the limited nature of the information sought and the purposes for which it has been subpoenaed, I concur in the result reached by the main opinion.
As I understand it, the nature and purpose of the discovery sought are as reflected in the "motion to reconsider" filed by the petitioners in the trial court:
"The information which was requested by [the petitioners] from Parkman . . . is simply regarding the source and identity of the payments that were made to those firms by or on behalf of Scrushy and Marin, Ltd. . . . [D]iscovering the source of payments made by Scrushy could lead [the petitioners] to bank or brokerage accounts subject to garnishment that have yet to be located or identified. Additionally, discovering the identity of the payors could lead to evidence regarding an alter ego or the location of hidden assets. Finally, discovering the amount of the payments will help to determine what happened to Scrushy's net worth, which was estimated to be approximately $300 million in 2003. At his deposition, Scrushy testified that since 2003, roughly $100 million of his net worth went to pay lawyers. [The petitioners] are entitled to test Scrushy's contention and to trace what happened to Scrushy's known assets since 2003."
NOTES
[1] The trial court's order also quashed a subpoena seeking production from another law firm, Leitman, Siegal, Payne & Campbell, P.C. ("Leitman"), that represented Marin Ltd., an entity in which Scrushy is the sole shareholder. The petition for the writ of mandamus originally sought relief from the order as it related to Leitman. However, while the mandamus petition was pending, Leitman agreed to produce the requested documents and, according to the petitioners, satisfied the discovery requests and rendered moot that portion of the petition relating to Leitman. We thus consider the petition only as it applies to the Parkman subpoena.
[2] Rule 45(a)(3)(B) provides, in part: "Any person or party may serve an objection to the issuance of a subpoena for production, inspection, copying, testing, or sampling within ten (10) days of the service of said notice and in such event the subpoena shall not issue."
[3] Because we conclude that Parkman failed to prove that the information was privileged, we do not address the petitioners' alternative contention that the absence of any express invocation of the privilege by Scrushy is fatal to Parkman's assertion of the privilege.